Richard HASTY, d/b/a Synthetic Athlet-
ic Surfaces Company and American
Biltrite, Inc., Appellant,

v.

A & B CONSTRUCTION COMPANY,
Appellee.

No. A4211.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 11, 1981.

John A. Pace, Dallas, for appellant.

P. Otis Hibler, San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

Appellant asks that we compel the Clerk to file the transcript in this case.

The judgment was signed on June 23, 1980, and appellant timely filed a motion for new trial on July 3, 1980, which was granted on August 14, 1980. On September 26, 1980, the trial court entered an order setting aside the order of August 14, 1980, granting appellant's motion for new trial, and on October 1, 1980, the trial court entered an order overruling appellant's motion for new trial.

Appellant filed an appeal bond on October 31, 1980, and tendered the transcript to the Clerk of this Court on November 21, 1980. The bond and transcript were timely filed if the computations of time are made from October 1, 1980, the date on which the motion for new trial was overruled.

■ The order of September 26, 1980, setting aside the previous order granting a new trial, was entered more than 45 days after July 3, 1980, the date on which appellant's motion for new trial was filed. The September 26, 1980, order was a void order. In *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 826–27 (1961), the Supreme Court said:

> The time during which actions are to be taken and powers are to be exercised are now largely controlled by specific rules. It would be difficult to select plainer wording than that contained in Rule 329-b, § 3, "All motions *must* be determined within not exceeding forty-five (45) days after the original or amended motion is filed, * * *." Here, the amended motion was determined within 45 days. It cannot be <u>un</u>determined after the 45-day period without destroying the rule. While there is a 30-day provision contained in Rule 329–b, § 5 relating to judgments and orders overruling motions for new trial, there is no provision which can be construed as extending a trial judge's authority over a motion granting a new

trial for an additional thirty-day period. An order granting a motion for new trial must be set aside, if at all, within the 45-day period set out in Rule 329–b, § 3. * * *

* * * The present order [setting aside the order granting a new trial], having been rendered after the expiration of a period of time prescribed by the Rules of Civil Procedure, is similar to an order entered after term time. It has no efficacy * * *.

Since the order of September 26, 1980, is ineffective and must be disregarded, the order of August 14, 1980, granting appellant's motion for new trial is a valid subsisting order which must be given effect as reinstating the case upon the docket of the trial court awaiting trial. The necessary conclusion is that there has been no final judgment in this case, and the case stands as a pending case which the district judge should proceed to try. *Fulton v. Finch, supra,* 162 Tex. 351, 346 S.W.2d at 825; *Thompson v. Gibbs,* 504 S.W.2d 630, 632 (Tex.Civ.App.—Dallas 1973, mand. overruled).

Since there has been no final judgment in this case, this Court is without jurisdiction. Appellant's motion to compel the Clerk of this Court to file the transcript is overruled and the appeal is dismissed.