Sheila Ann HOWARD, Appellant,

v.

Richard P. HOWARD, Appellee.

No. 04–83–00579–CV.

Court of Appeals of Texas,
San Antonio.

April 25, 1984.

Rehearing Denied May 24, 1984.

Sam Bashara, F. Joe Stenberg, San Antonio, for appellant.

Sue M. Hall, San Antonio, for appellee.

Before ESQUIVEL, CANTU and TIJERINA, JJ.

## ON APPELLEE'S MOTION TO DISMISS

### PER CURIAM.

In this motion to dismiss, we must *decide* whether the automatic stay imposed in bankruptcy proceedings by 11 U.S.C.A. § 362 (West 1979) suspends the running of the TEX.R.CIV.P. 329b time limits within which a motion for new trial must be filed. We hold that it does.

The underlying suit is a divorce action in which an agreed decree of divorce was signed April 16, 1982. The decree incorporated an agreed property division in which Dr. Howard agreed to pay Sheila, his then wife, alimony of $2,000.00 per month for sixty months and also to pay Sheila and Sam Bashara, Sheila's attorney at the time, $190,000.00 on June 1, 1987. Then on March 15, 1983, Dr. Howard filed a bill of review on the basis that the periodic payments provided for in the agreement were not deductible by him on his federal income tax returns as had been agreed by the parties. Default judgment was taken against Sheila on the bill of review on April 14, 1983. That judgment declared that the paragraphs providing for the alimony payments to Sheila and the $190,000.00 payment to Sheila and Bashara were void, and it permanently enjoined enforcement of those paragraphs.

Four days after the default judgment was entered, Dr. Howard filed a petition for Chapter 7 bankruptcy. Sheila and Bashara were named as creditors and were mailed notice of the petition. Pursuant to Bashara's motion to lift the automatic stay, the stay was modified by an order signed by the bankruptcy court on October 4, 1983, which allowed the proceedings related to the bill of review to proceed. The same day Sheila and Bashara filed a joint motion for new trial complaining of the default judgment. On October 13, they also filed a petition for writ of error which likewise challenged the default judgment. After a hearing the motion for new trial was granted by an order signed October 13, 1983, approximately six months after the default judgment was entered.

Dr. Howard has filed a motion to dismiss this writ of error for want of jurisdiction on the ground that there is no final judgment due to the granting of the motion

for new trial.[1] Appellant agrees with this contention and join in the motion to dismiss provided we find that the trial court had jurisdiction to grant the new trial.[2] This, in turn, requires a finding that the automatic stay of the bankruptcy court in effect from April 18, 1983 to October 4, 1983, tolled the running of the time requirements of Rule 329b. Appellant requests in the alternative that we consider her timely filed petition for writ of error in the event that we hold that the Rule 329b time limits were not suspended by the automatic stay and that the trial court had therefore lost jurisdiction to grant the new trial.

The automatic stay provision of the Bankruptcy Code, 11 U.S.C.A. § 362, provides, in pertinent part:

(a) [A] petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

(3) Any act to obtain possession of property of the estate or of property from the estate; ...

(6) Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; ....

The effect of the stay is to halt pending judicial proceedings involving the debtor. *In re Critical Fork Coal Corp.*, 18 B.R. 422, 424 (Bkrtcy.W.D.Va.1982); *Communi-ty Investors IX, Ltd. v. Phillips Plastering Co.*, 593 S.W.2d 418, 420 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ). Upon the filing by Dr. Howard of his petition in bankruptcy, the State court proceedings were suspended at that point.

Since the automatic stay precluded further action in the State district court, appellant could not have filed her motion for new trial until the stay was lifted or modified by the bankruptcy court. *In re Critical Fork Coal Corp.*, 18 B.R. at 424. Section 108 of the Bankruptcy Code provides for an extension of time upon the lifting of an automatic stay. 11 U.S.C.A. § 108(c) provides:

(c) Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after a notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be with respect to such claim.

Thus section 108(c)(2) provided appellant a 30-day period after notice of the modification of the stay within which she could file her motion for new trial. Since the motion for new trial was filed within nine days of the bankruptcy court's modification of the stay, the motion for new trial was filed

---

**1.** In a supplemental brief, Dr. Howard argues for the opposite result. He argues that the automatic stay did not apply to the instant proceedings because they were not brought *against* the debtor. *See* 11 U.S.C.A. § 362(a)(1). The necessary conclusion is that the appellants were not prevented from filing their motion for new trial within thirty days of the entry of the default judgment, and thus their motion for new trial was untimely and the trial court had no jurisdiction to grant the motion six months after judg-

ment was entered. We need not decide whether the automatic stay applied to the proceedings below. The bankruptcy court, by lifting the stay, necessarily determined that the stay was in effect as to the proceedings below.

**2.** We do not reach the question and express no opinion on the validity of the granting of the motion for new trial.

timely, and the State court had jurisdiction to grant the new trial.

The granting of the motion for new trial had the effect of reinstating the case upon the docket of the trial court, and there is thus no final judgment in this case. *Hasty v. A & B Construction Co.*, 612 S.W.2d 267, 268 (Tex.Civ.App.—San Antonio 1981, no writ). A writ of error will lie only from a final judgment. TEX.REV. CIV.STAT.ANN. arts. 2249 (Vernon Supp. 1984) and 2255 (Vernon 1971); *Bailey v. Shaw*, 26 S.W.2d 669, 669 (Tex.Civ.App.— Austin 1930, writ ref'd).

The motion to dismiss is granted. The writ of error is dismissed for want of jurisdiction.