Wetsel v. Perry Est 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-037-CV

     DIANNA K. PERRY WETSEL,
                                                                                              Appellant
     v.

     ESTATE OF MILTON E. PERRY, DECEASED,
                                                                                              Appellee
 

From the County Court
McLennan County, Texas
Trial Court # 86-0500-PR1
                                                                                                    

O P I N I O N
                                                                                                    

      Dianna Wetsel appeals from an order removing her as the Independent Executrix of Milton
Perry's estate. She has three points of error. In her first point, she asserts that the court lacked
jurisdiction to remove her as the Independent Executrix because she was not personally served
with notice of the removal hearing. She further contends in her second and third points that there
was no evidence or, in the alternative, insufficient evidence to support the court's finding of gross
mismanagement of the estate or to justify her removal. We reverse.
      Dianna Wetsel was appointed the Independent Executrix of Milton Perry's estate. Nelma
Perry, Milton's widow, who was not a beneficiary of his will, filed suit to remove Dianna as the
personal representative. After a hearing, at which Dianna was not present, the judge removed her.
      Section 149C of the Probate Code applies to the removal of an independent executor. Tex.
Prob. Code Ann. § 149C (Vernon Supp. 1992). This section provides:
The county court, a statutory probate court, a county court at law with probate
jurisdiction, or a district court of the county, on its own motion or on motion of any
interested person, after the independent executor has been cited by personal service to
answer at a time and place fixed in the notice, may remove an independent executor. .
. . 

Id. § 149C(a) (emphasis added). Section 222 also applies to the removal of a personal
representative. This section states:
The court may remove a personal representative on its own motion, or on the
complaint of any interested person, after the personal representative has been cited by
personal service to answer at a time and place fixed in the notice. . . . 

Id. § 222(b) (emphasis added).
      In her first point of error, Dianna contends that the court did not have jurisdiction to remove
her because she was not personally served with notice of the hearing at which she was removed. 
However, in her argument, she cites Cunningham v. Parkdale Bank, which holds that if a
representative is not personally served with notice of a removal hearing his due process rights have
been violated. See Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). Procedural
due process requires notice that is reasonably determined to inform parties of proceedings which
may directly and adversely affect their legally protected interests. Id. The briefing rules are
construed liberally in an effort to ascertain the real basis of the appeal. In re Marriage of Greer,
483 S.W.2d 490, 497 (Tex. Civ. App.—Amarillo 1972, writ dism'd). Thus, because Dianna's
argument under the first point is consistent with a due-process complaint, we will treat this point
in that light.
      The estate admits that only Diana's attorney, and not Dianna, was served with notice of the
removal hearing. In its argument, the estate cites section 34 of the Probate Code, which reads:
If any attorney shall have entered his appearance of record for any party in any
proceeding in probate, all citations and notices required to be served on the party in such
proceeding shall be served on the attorney, and such service shall be in lieu of service
upon the party for whom the attorney appears.

See Tex. Prob. Code Ann. § 34 (Vernon 1980). It also relies on section 33 of the Probate Code,
which says:
Except in instances in which this Code expressly provides another method of service,
any notice or citation required to be served upon any personal representative or receiver
shall be served by the clerk issuing such citation or notice. The clerk shall serve the
same by sending the original thereof by registered or certified mail to the attorney of
record for the personal representative or receiver, but if there is no attorney of record,
to the personal representative or receiver.

Id. § 33(e) (Vernon 1980) (emphasis added). The estate argues that under these two sections
service was proper on Dianna's attorney.
      Sections 149C(a) and 222(b) specifically concern cases when a personal representative is
guilty of misapplication of estate property. Id. §§ 149C(a), 222(b) (Vernon Supp. 1992). These
sections expressly require that the representative be personally served with notice before an action
may be taken against him. Id.; Cunningham, 660 S.W.2d at 813.
      When a general statute, standing alone, includes the same matter as a specific statute, and thus
is in conflict with the specific statute, the specific statute will be considered an exception to the
general statute. Hallum v. Texas Liquor Control Board, 166 S.W.2d 175, 177 (Tex. Civ.
App.—Dallas 1942, writ ref'd). Therefore, because sections 149C and 222 specifically apply to
a hearing for the removal of a personal representative, these statutes are controlling. By expressly
requiring personal service on the representative, sections 149C and 222 conflict with the general
provisions of sections 33 and 34. Thus, the former control the latter. In any event, section 33(e)
recognizes that its provisions are inapplicable when the Code "expressly provides another method
of service." Tex. Prob. Code Ann. § 33(e). Sections 149C and 222 expressly require a method
of service other than on the representative's attorney. Id. §§ 149C(a), 222(b).
      Under this record, we conclude that Dianna did not have fair notice of the proposed action
of the court so as to give her the opportunity to be present and to explain or defend her actions at
the hearing before judgment was rendered against her. Removing her without personal service
of the notice of removal violated her due-process rights. See Cunningham, 660 S.W.2d at 813. 
We sustain the first point.
      We do not reach the second and third points of error. We reverse and remand for further
proceedings.

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed November 18, 1992
Publish



ough the stay prevented Raley from taking any action to perfect
the appeal, the time limit for doing so continued to run. 
      We are aware of the opinion in Howard v. Howard, 670 S.W.2d 737, 738 (Tex. App.—San
Antonio 1984, no writ), in which the court purportedly held that the automatic bankruptcy stay
"suspends the running of the . . . time limits within which a motion for new trial must be filed." 
The court used an unfortunate choice of words to state its holding because, in fact, its decision was
not based on the stay's "suspension" of the appellate timetable but rather on the thirty-day
extension provided by section 108(c)(2):
Thus section 108(c)(2) provided appellant a 30-day period after notice of the modification of
the stay within which she could file her motion for new trial. Since the motion for new trial
was filed within nine days of the bankruptcy court's modification of the stay, the motion for
new trial was filed timely . . . .
Id. at 739-40.
      There is no statute, procedural rule or common-law principle that suspends the appellate
timetable during an automatic bankruptcy stay. See Peterson v. Texas Commerce Bank—Austin,
844 S.W.2d 291, 293-94 (Tex. App.—Austin 1992, n.w.h.) (holding that Texas common law tolls
statutes of limitation during a bankruptcy stay). Accordingly, we hold that the ninety-day period
for perfecting the appeal expired on September 1, 1992, although the stay was still in effect, and
that section 108(c)(2) extended the period for perfecting the appeal an additional thirty days from
September 10, the date the stay terminated. See 11 U.S.C.A. § 108(c)(2).
UNTIMELY APPEAL BOND
      The thirtieth day following the stay's termination fell on Saturday, October 10. Rule 5(a) of
the Rules of Appellate Procedure provides that, when the last day of a computed time period falls
on Saturday, as here, "the period extends to the end of the next day which is not a Saturday,
Sunday or legal holiday." See Tex. R. App. P. 5(a). Rule 4 of the Rules of Civil Procedure
contains similar language. Tex. R. Civ. P. 4. 
      Article 4591.6 designates the second monday in October—in this instance, October 12—as
"Columbus Day." See Tex. Rev. Civ. Stat. Ann. art. 4591.6 (Vernon Supp. Pamphlet 1993). 
However, articles 4591 and 4591.2 did not list Columbus Day as an official state holiday in 1992. 
Id. at arts. 4591, 4591.2. We also take judicial notice that the Commissioners' Court of Johnson
County did not designate Columbus Day as an official county holiday in 1992 and that the
courthouse was open for business on October 12. See Tex. R. Civ. Evid. 201(b)(2), (c), (f). 
      Monday, October 12, was the next day that was not a Saturday, Sunday or legal holiday. 
Thus, Raley actually had until the end of October 12 to perfect his appeal. See Tex. R. App. P.
5(a). An appeal bond, if mailed to the district clerk on or before October 12—by first-class U.S.
mail, in a properly addressed and stamped envelope—and, if received by the district clerk within
ten days thereafter, could be deemed timely filed. Id. at 4(b); Tex. R. Civ. P. 5. However, the
record does not reflect that this was accomplished.
      The extension granted by section 108(c)(2) for perfecting the appeal thus expired on October
12. Raley did not file his appeal bond until October 13, which was untimely, and this court has
no jurisdiction. Accordingly, we dismiss the cause for want of jurisdiction.
 
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice
Before Chief Justice Thomas. 
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed September 1, 1993
Publish