857 P.2d 1339

**ARIZONA PUBLIC SERVICE COMPANY, et al.**

v.

**APACHE COUNTY, et al.**

**TUCSON ELECTRIC POWER COMPANY**

v.

**APACHE COUNTY, et al.**

No. TX 90–01686.

Tax Court of Arizona.

Aug. 4, 1993.

Snell & Wilmer by Vaughn A. Crawford and Courtney Paige Odishaw, Phoenix, for plaintiffs.

Arizona Attorney General by Michael F. Kempner, Gale L. Garriott and Mary H. DeLaat, Phoenix, for defendants.

OPINION

SCHAFER, Judge.

The issue here is whether the bankruptcy code, 11 U.S.C. § 362(a)(1), (3) and (6) prevent a state to whom property taxes are owed from moving to dismiss a suit filed by the bankrupt taxpayer to declare the tax illegally assessed.

El Paso Electric Company is a public utility. It owns property in a number of Arizona counties, Maricopa County is one of them. Maricopa County assessed property taxes against El Paso for 1990 and 1991. El Paso paid the 1990 taxes but paid only one-half of the 1991 taxes and appealed to the Arizona Tax Court, contending that the taxes for both years were illegally assessed.

In Arizona, property taxes are due in two installments; October 1 of the tax year, and March 1 of the following year. A.R.S. § 42–342(B). El Paso timely paid the first installment of the 1991 taxes but did not pay the second installment until six months after the due date. Maricopa County then moved to dismiss the action El Paso had filed contesting both the 1990 and 1991 taxes. It based its argument upon A.R.S. § 42–204(A), which states:

A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount of tax, either as plaintiff or defendant, if any of the taxes:

(1) Levied and assessed in previous years against the property of the taxpayer have not been paid.

(2) Which are the subject of the action are not paid prior to becoming delinquent.

(3) Becoming due on the property during the pendency of the action are not paid prior to becoming delinquent.

El Paso's 1991 taxes became due during the pendency of its suit over the 1990 and 1991 taxes, and therefore, argues the County, the statute prohibited El Paso from pursuing its 1990 and 1991 suit.

El Paso responded by pointing out that it did not pay the second installment of the 1991 taxes because it had petitioned for bankruptcy before the installment was due and once it petitioned, 11 U.S.C. § 362(a)(1) stayed everything, even the County's motion to dismiss the suit.

The County agreed that El Paso petitioned for bankruptcy before the second 1991 installment was due, but argued that 11 U.S.C. § 362(a)(1) did not prevent it from filing its motion to dismiss the suit. All it did, said the County, was protect itself in El Paso's suit. The Court agrees with the County.

## Discussion

Section 362(a) of 11 U.S.C. gives a bankrupt like El Paso a stay, a breathing spell. The stay, however, is not as broad as El Paso would like it to be. Subsection (a)(1) stays all actions, proceedings and claims against the debtor. Subsection (a)(3) stays any act to gain possession of the debtor's estate or to exercise control over it. And subsection (a)(6) stays any act to collect, assess, or recover a claim against the debtor.

■ The stay prevents creditors from suing the bankrupt or moving against the bankrupt's property. None of the subsections to § 362(a) say anything about staying a creditor from protecting itself against action by the bankrupt.

In *Martin–Trigona v. Champion Federal Savings and Loan Association*, 892 F.2d 575 (7th Cir.1989) (Posner, J.), Mr. Martin–Trigona sued Champion in a state court. While that suit was pending, he petitioned for bankruptcy. Champion moved to dismiss the state suit, the reason is not important, and the motion was granted.

Martin–Trigona then sued the defendant for damages in federal court alleging that the defendant's motion for dismissal violated the stay provided by 11 U.S.C. § 362(a)(1), (3). In the course of upholding the district court's dismissal of the suit, the Circuit Court said:

> The fundamental purpose of bankruptcy from the creditors' standpoint, is to prevent creditors from trying to start a march on each other, ... and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. 892 F.2d at 577.

The District of Columbia Circuit Court said the same thing in *U.S. v. Inslaw, Inc.*, 932 F.2d 1467 (D.C.Cir.1991) (Williams, J. citing the *Martin–Trigona* case):

> Thus, someone defending a suit brought by the debtor does not risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights asserted by the bankrupt. 932 F.2d at 1473.

El Paso ignores these cases and cites a bankruptcy court decision, *In Re Draggoo Electric Company, Inc.*, 57 B.R. 916 (N.D.Ind.1986), arguing that its reasoning should be followed and the County's motion should be denied. The Court disagrees; the *Draggoo* case is different.

When the Draggoo Electric Company filed for bankruptcy it owed the State of Indiana unemployment insurance contributions. The state Employment Security Division then notified Draggoo if it did not pay what it owed it would assess it a monetary penalty. That was too much for the bankruptcy court. After looking at 11 U.S.C. § 362(a), its congressional history, and an Ohio case that had handled a similar issue, the court concluded that Indiana had gone too far. The purpose of the 362(a) stay, said the bankruptcy court, is to put creditors on an even footing, to not allow one to gain advantage over the other (similar to the statement by Judge Posner in the *Martin–Trigona* case). By threatening Draggoo with a monetary penalty, Indiana

was taking an advantage the other creditors did not have. That was an effort to collect a claim against the bankrupt and violated 362(a)(6).

 The state threatened no penalty in this case and they did not make an effort to collect the 1990 taxes from El Paso—they were paid some time ago. The only action the state took is a defensive one to protect itself. That does not violate 362(a)(1), (3) or (6).

 The bankruptcy code, 11 U.S.C. § 362(a)(1), (3) and (6), does not prevent a state (or county) to whom property taxes are owed from filing a motion to dismiss a suit filed by the bankrupt taxpayer to declare the taxes illegally assessed.

This opinion is not a final, appealable judgment and no other order will follow. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).