In re CRITICAL FORK COAL
CORPORATION, Debtor.

UNITED STATES of America, Plaintiff,

v.

CRITICAL FORK COAL CORPORATION, Defendant.

In re CDA, INC., d/b/a Harvey's
Warehouse, Debtor.

SANYO ELECTRIC, INC., Plaintiff,

v.

CDA, INC., d/b/a Harvey's
Warehouse, Defendant.

In re Lloyd G. WALDEN, Laura V.
Walden t/a Walden's Refinishing
Shop & Floor Serv., Debtors.

Lloyd G. WALDEN, and Laura V.
Walden, Plaintiffs,

v.

TRI–CITY BANK & TRUST
CO., Defendant.

In re TRIANGLE EQUIPMENT
CO., INC., Debtor.

Robert COPELAND, Plaintiff,

v.

TRIANGLE EQUIPMENT CO.,
INC., Defendant.

Bankruptcy Nos. 7–80–01314, 7–81–00441, 7–81–00536 and 7–80–01040.

United States Bankruptcy Court,
W. D. Virginia.

Jan. 20, 1982.

James E. Nunley, Bristol, Va., for Critical Fork Coal Corp.

Thomas R. King, Jr., Asst. U. S. Atty., Roanoke, Va., for the U. S.

Larry D. Wayne, Compton, Cal., and John R. Fitzpatrick, Jr., Fairfax, Va., for Sanyo Elec., Inc.

Daniel D. Hamrick, Christianburg, Va., for CDA, Inc.

Michael A. Bragg, Lexington, Va., for Lloyd and Laura Walden.

J. D. Bowie, Bristol, Va., for Tri-City Bank & Trust Co.

Larry Harley, Surfside Beach, S. C., for George and Barbara Ison.

H. N. Osborne, Pearisburg, Va., for Robert Copeland.

William T. Winder, Winder, Ga., for Triangle Equipment Co., Inc.

## JOINT OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The question before the Court is disposition of four proceedings "transferred" by the District Court for the Western District of Virginia to this Court. Three of the proceedings were "transferred" on the court's own motion, and the fourth, *Walden v. Tri-City Bank & Trust Co.*, was transferred on motion of plaintiff's counsel.

Under the Bankruptcy Reform Act of 1978 (the Code), federal district court is granted original and exclusive jurisdiction of cases filed under title 11 of the United States Code. 28 U.S.C. § 1471(a). The district court is further granted original but not exclusive jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11. *Id.* at § 1471(b). The bankruptcy court is established as an adjunct to the district court, and is charged with exercising all the jurisdiction granted the district court. *Id.* at § 1471(c); *see* 1 Collier on Bankruptcy ¶ 3.01[1][c] at 3–33 (15th ed. 1980) [hereinafter cited as Collier].

Section 1471(d) of title 28 makes clear that either court may abstain from adjudication of a civil proceeding when such abstention is in the best interest of justice. 28 U.S.C. § 1471(d). Neither the district court nor the bankruptcy court may abstain

from hearing a proceeding, however, when there is no other forum in which the matter may be heard. *See* Collier, *supra,* ¶ 3.01[1][f] at 3–53. It is clear that a court may abstain from hearing a proceeding on the motion of one of the parties to the action. Whether the court may decide to abstain *sua sponte*, however, is an open question. *Id.* at 3–54.

█ In any event, the continuation of a judicial proceeding against the debtor is expressly prohibited by the automatic stay in § 362(a) of the Code. The stay provision is "applicable to all entities," presumably including a federal district court in which an action is pending. Further, the debtor is prohibited from incurring debt, other than in the ordinary course of business, without approval of the court after notice and a hearing. *See* 11 U.S.C. § 364(b). The debtor's continuance of litigation, or any judicial proceeding, incurs a debt that is generally not within the ordinary course of the debtor's business. The debtor may not, therefore, pursue that proceeding in any fashion without approval of this Court. In short, it appears that the filing of a petition for relief in this Court effectively stops any further action in proceedings involving the debtor pending in other courts, regardless

of whether the debtor is plaintiff or defendant.

If either party to a pending action wishes to proceed with prosecution of the action, that party may pursue one of two procedural remedies. A party in interest may file a complaint in this Court for relief from the automatic stay to proceed in the court in which the action is pending. *See* 11 U.S.C. § 362(d). Alternatively, either party may file an application for removal, pursuant to 28 U.S.C. § 1478 [1]. Immediately upon the filing of the application, the case is, *ipso facto*, removed to this Court. *See* Interim Rule 7004; Local Rule 10.

█ In view of the foregoing discussion, it appears that the proceedings here under consideration are not properly before this Court. In only one of the proceedings in question was the action initiated by one of the parties, and in that case, the request was made in the form of an oral motion before the district court. In none of these proceedings has either party made an appropriate filing or paid the required filing fees for this Court to continue adjudication of the issues presented.[2]

Accordingly, it is hereby

---

**1.** According to Local Rule 10, an application for removal pursuant to 28 U.S.C. § 1478 is deemed an adversary proceeding to be initiated by the filing of a complaint and payment of attendant fees.

**2.** Present Bankruptcy Rule 703 directs that an adversary proceeding is initiated by the filing of a complaint. (The proposed new Rule 7002 is in accord.)

The Judicial Conference, pursuant to 28 U.S.C. § 1930(b) has established a filing fee of $60.00 for the filing of a complaint instituting an adversary proceeding. (Memo of March 27, 1981, from Berkeley Wright, Chief, Division of Bankruptcy, Administrative Office of the United States Courts.) This is the same fee charged by the Clerk of the District Court for instituting any civil action in that Court, pursuant to 28 U.S.C. § 1914(a).

28 U.S.C. § 771(c) places the responsibility for collection of and directs the Clerk of each Bankruptcy Court to pay into the Treasury "all fees, costs and other matters collected by him, except uncollected fees not required by act of Congress to be prepaid." This provision and others related to the Clerks of the Bankruptcy Courts are not effective until April 1, 1984.

(Section 402(b) of the Bankruptcy Reform Act.) However, United States Bankruptcy Judges are given authority during the period of transition to appoint a clerk who is given all the powers, rights and duties during the period of transition that the clerk will have as of April 1, 1984. Section 404(e) of the Bankruptcy Reform Act. The Administrative Office of the United States Courts has published "Bankruptcy Statistical Instructions" pursuant to Public Law 95–598, the Bankruptcy Reform Act of 1978, directs that separate bankruptcy proceeding dockets be maintained for any "proceeding, *instituted by complaint* filed in the Bankruptcy Court pursuant to law and the Bankruptcy Rules, which arises under Title 11 of the United States Code or arises under or is related to a case under Title 11 of the Code. Cases and adversary proceedings filed in this Court are assigned sequential numbers used for statistical reporting by this Court used by the Administrative Office. Hence, without an adversary proceeding being filed and cost paid the Clerk of this Court has no authority or provision for numbering these cases or processing them. (There is, of course, no cost due by the United States.) Also included in the definition is any

ORDERED

that the parties in interest in each of the pending proceedings be given ten days from the date of entry of this Order to make a proper filing before this Court. At the end of the allotted time, any proceeding for which no such filing has been made will be forthwith DISMISSED.

such proceeding removed or transferred to the Bankruptcy Court pursuant to 28 U.S.C. § 1478 and 1475 . . . ." (Volume V, page 11–ii, Guide to Judiciary Policies and Procedure.) § 1478 excludes only two instances where pending causes are removable, to-wit: United States Tax Court or governmental units enforcing regulatory power.

Prior to the Bankruptcy Reform Act of 1978, the Bankruptcy Court administered cases filed in the District Court and by operation of law referred to the Bankruptcy Court. The docket number assigned by the Clerk of the District Court carried over to the Bankruptcy Court Clerk's Office under which number the case was processed to conclusion. Under the new Code, the case is filed in the Bankruptcy Court, given a number by the Bankruptcy Court Clerk and processed to conclusion under the Bankruptcy Court Clerk's number. Hence, the District Court numbers have no relevancy to the Bankruptcy Court numbers under the New Code.