**In re GENERAL ASSOCIATED INVESTORS LIMITED PARTNERSHIP, an Arizona limited partnership, Debtor.**

**Bankruptcy No. B–92–14225–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Oct. 5, 1993.

Robert J. Miller, Streich Lang, Phoenix, AZ, for debtor.

John D. Helm, Helm & Kyle, Tempe, AZ, for Creditors Arizona Dept. of Revenue and Maricopa County.

Barbara Lee Caldwell, Deputy County Atty., Phoenix, AZ, for Maricopa County.

United States Trustee, Phoenix, AZ.

## ORDER SUSTAINING DEBTOR'S OSC APPLICATION AGAINST THE TAXING AUTHORITIES

ROBERT G. MOOREMAN, Chief Judge.

This matter is before the Court pursuant to Debtor's Application for an Entry of Order to Show Cause as to why Taxing Authorities and their counsel should not be held in contempt of Court for stay violation. A hearing was held on the matter on September 17, 1993 after which the matter was taken under advisement. After due consideration of the motion, the response of the Arizona Department of Revenue and Maricopa County, the partial reply of the Debtor, the applicable law, the record herein, including the proof of claim, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1) Debtor's primary business is owning and operating a hotel known as the Scottsdale Registry Resort.

2) On October 2, 1992, Debtor filed a complaint with the State Superior Tax Court ("Tax Court") appealing the assessment of real property taxes levied and assessed for the 1992 tax year. Pursuant to ARS § 42–246, the appeal must be filed prior to November 1 of the subject tax year.

3) On November 30, 1992, Debtor filed its bankruptcy petition.

4) On June 25, 1993, Debtor's counsel informed the Taxing Authorities that the automatic stay prevented the Taxing Authorities from filing a motion to dismiss Debtor's complaint. The letter was based on the fact that the Debtor was informed that the Taxing Authorities intended to file a motion to dismiss in the Tax Court.

5) On June 30, 1993, the Taxing Authorities filed the motion to dismiss in the Tax Court. The Motion stated that the complaint should be dismissed because Debtor failed to pay the amounts owing for the 2nd half of 1992. Under A.R.S. § 42–177, a party filing a tax appeal is required to pay all taxes due in order for the Tax Court to retain jurisdiction over the matter.

6) On July 20, 1993, the Debtor filed a response to the motion to dismiss and stated that the motion was in violation of the automatic stay and that Debtor intended to file a 11 U.S.C. § 505 Motion to Determine Tax Liability ("11 U.S.C. § 505 Motion") in the Bankruptcy Court.

7) On August 4, 1993, the Tax Court issued a minute entry ruling in favor of the Taxing Authorities, dismissed Debtor's appeal and denied Debtor's request for oral argument thereon. The Tax Court primarily relied on the published Tax Court opinion, *Arizona Public Service Co. v. Apache County,* 175 Ariz. 485, 857 P.2d 1339 (1993) in ruling that the automatic stay did not prevent the Court from ruling on the action and dismissing such action.

8) Similarly, on August 4, 1993, Debtor filed its 11 U.S.C. § 505 Motion in this Court requesting this Court to determine taxes for the years 1991, 1992 and 1993.

9) On September 22, 1993, the Debtor and the Taxing Authorities filed a stipulation agreeing that the Tax Court minute entry would not impact Debtor's 11 U.S.C. § 505 Motion pending in this Court regarding the determination of the tax for the year 1992.

Debtor asserts that the Taxing Authorities' conduct violated the automatic stay under the following three 11 U.S.C. § 362(a) Bankruptcy Code sections, in that, the following Code sections precludes a party from taking the following actions:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose be-fore the commencement of the case under this title;

■ The Debtor contends that the Taxing Authorities' action was in violation of the automatic stay under 11 U.S.C. § 362(a)(1) because the filing of the motion to dismiss was the continuation of an action against a debtor. The 9th Circuit Court of Appeals ruled that a defendant violated the automatic stay when the defendant filed certain motions post-petition, against a debtor/plaintiff who had initiated the action prior to the petition. *In re Bloom,* 875 F.2d 224 (9th Cir.1989). In *Bloom,* prior to filing bankruptcy, the debtor filed an action in the District Court requesting the Court to make a determination regarding a claim for an exemption. The debtor's exemption action was precipitated by a judgment creditor levying upon debtor's salary. After the bankruptcy petition was filed, the judgment creditor filed a motion to strike the exemption action along with taking other action against the debtor. The 9th Circuit ruled that the judgment creditor's motion to strike was considered a violation of the automatic stay. Accordingly, the 9th Circuit follows the view that a stay violation exists when a creditor continues in an action although the Debtor initiated the action pre-petition. *In re Bloom, supra.*

The *Bloom* case is similar to this case, in that, the Taxing Authorities filed the motion to dismiss the complaint in the Tax Court without receiving relief from the automatic stay. The motion to dismiss in this case and the motion to strike in the *Bloom* case were both the continuation of proceedings against the Debtor in which Debtor initiated the action. Thus, a violation of the automatic stay occurred.

The Taxing Authorities rely on *Freeman v. Commissioner of Internal Revenue,* 799 F.2d 1091 (5th Cir.1986) and *Arizona Public Service Co., supra,* for the proposition that the Court must examine the posture of the case at the initial proceeding because if a debtor initiates the proceeding pre-petition, then subsequent post-petition actions taken against the debtor are not subject to the automatic stay. This Court cannot agree with such interpretation. The plain

meaning of § 362(a)(1) does not require the Court to review the posture of the case at the initial proceeding. The statute merely states that the stay prevents the following action:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding <u>against the</u> <u>debtor</u> that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (Underline Added)

The statute does not require the Court to review the initial posture of the case.

Additionally, the policy of the automatic stay does not support such an interpretation. Policy behind the automatic stay is intended to give debtor breathing room from its creditors by stopping all collection efforts, all harassment and all foreclosure actions. *In re Bloom*, 875 F.2d 224 (9th Cir.1989). Additionally, the automatic stay prevents piecemeal dismemberment and allows debtor time to reorganize. *In re Computer Communications, Inc.*, 824 F.2d 725, 729, 731 (9th Cir.1987). Thus, the Taxing Authorities were in violation of the automatic stay under 11 U.S.C. § 362(a)(1) when the motion to dismiss was filed although Debtor initiated the action in the Tax Court.

■ Next, Debtor asserts that the stay was violated under 11 U.S.C. § 362(a)(3) which states a party may not attempt to obtain possession or control over property of the estate without violating the automatic stay. Under 11 U.S.C. § 541, a debtor's cause of action is considered property of the estate. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir.1986). In this case, the Taxing Authorities have attempted to control the cause of action by filing a motion to dismiss. The Court finds and concludes that based upon the forementioned conduct, the Taxing Authorities were attempting to exercise control over the property of the estate. The Taxing Authorities could have filed a motion to lift the automatic

stay in this Court to request permission to file the motion to dismiss. At such time, this Court could have made the decision as to whether cause existed after a hearing thereon. Instead, the Taxing Authorities appeared to have used improper litigation tactics in attempts to change the posture of the dispute with the Debtor and requiring both parties to incur unnecessary litigation fees.

The Taxing Authorities rely on the following cases to support their proposition that the motion to dismiss the complaint was not a violation of the automatic stay under 362(a)(3) *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n.*, 892 F.2d 575 (7th Cir.1989); *U.S. v. Inslaw, Inc.*, 932 F.2d 1467 (D.C.Cir.1991); *Arizona Public Service Co., supra.* The above mentioned cases are not applicable for the following reasons.

In *Martin–Trigona, supra,* a debtor filed a state court action against the defendant in 1981. Subsequently, debtor filed his petition. After the petition was filed, the defendant filed a motion to dismiss the debtor's state court action and the case was dismissed in 1982. The case was appealed and the matter was dismissed for failure to prosecute. In 1988, the Motion for Stay Violation was asserted against the defendant based upon defendant's earlier motion to dismiss. The Court of Appeals ruled that the debtor's cause of action was estate property, however, the Court held that the filing a motion to dismiss was not an act of taking possession of the cause of action, thus, the automatic stay was not violated. *Id.* at 577.

However, the Court of Appeals does not provide sufficient reasoning regarding the issue of whether the creditor was attempting to control property of the estate. In 1984, 11 U.S.C. § 362(a)(3) was amended to state that the act of filing a petition acted as a stay as of:

> any act to obtain possession of property of the estate or of property from the estate or *to exercise control over property of the estate.* (Emphasis Added).

Prior to 1984, 11 U.S.C. § 362(a)(3) stated that the act of filing a petition acted as a stay as of:

> any act to obtain possession of property of the estate or of property from the estate;

In *Martin–Trigona, supra,* the Court of Appeals did not comment on whether it should rely on pre–1984 or post–1984 law when the alleged violation occurred in 1982. The Court merely stated that an act to control estate property is a violation of the stay without commenting on the 1984 amendment. Additionally, the Court stated that the filing of a motion to dismiss is not an act of taking possession of the property, however, it did not rule on whether a motion to dismiss a cause of action is considered an attempt to "control property of the estate." Therefore, the Court finds and concludes that the *Martin–Trigona* case is not persuasive in this matter because it did not consider the issue of whether the motion to dismiss was considered "controlling property of the estate" and whether the pre–1984 or post–1984 law applied to the case.

Additionally, the Court in *Martin–Trigona* relied on a limited view of the automatic stay's purpose, that is, to prevent creditors from liquidating the estate in an uncontrolled manner to the detriment of the creditors interest. This Court agrees that the automatic stay is intended to assist creditors, however, the policy behind the stay is also intended to give Debtor breathing room from its creditors by stopping all collection efforts, all harassment and all foreclosure actions. *In re Bloom,* 875 F.2d 224 (9th Cir.1989). Additionally, the automatic stay prevents piecemeal dismemberment and allows Debtor time to reorganize. *In re Computer Communications, Inc.,* 824 F.2d 725 (9th Cir.1987).

Therefore, allowing a defendant to file a motion to dismiss against a debtor/plaintiff violates the policy of the automatic stay. In this Court's view, the filing of a motion to dismiss appears to be harassment, especially when the Taxing Authorities knew the Debtor was intending to file a 11 U.S.C. § 505 Motion in this Court. Additionally,

the result of the filing of the motion to dismiss in effect makes it more difficult for this Chapter 11 Debtor to reorganize. In this case the Chapter 11 Debtor is dealing with many parties and issues during the Plan confirmation process and the stay allows the Debtor to proceed to the Plan confirmation without being diverted or interrupted. The policy behind the automatic stay supports the view in this case that the filing of a motion to dismiss against a Debtor, is a violation of the automatic stay under 11 U.S.C. § 362(a)(3).

The Taxing Authorities also rely on *U.S. v. Inslaw, Inc.,* 932 F.2d 1467 (D.C.Cir. 1991) where the Court held that the Department of Justice's continued use of a debtor's software package was not a violation of the automatic stay under 362(a)(3) because it was not an attempt to exercise control over property of the estate. In dicta, the Court merely stated that "... someone defending a suit brought by the debtor does not risk violation of the Sec. 362(a)(3) by filing a motion to dismiss the suit though this resistance may burden rights asserted by the bankrupt." *Id.* at 1473. In reaching this conclusion, the Court based such dicta on the *Martin–Trigona* case.

This Court holds that *U.S. v. Inslaw* is not controlling and that the dicta is inapplicable to our case, and incorrect. First, *U.S. v. Inslaw, supra* is a District of Columbia Court of Appeals case and is not binding authority on this Court which is subject to 9th Circuit law. More importantly, the case is distinguishable because the debtor alleged that the defendant was improperly exercising control over estate property by actually using the estate's software package. However, the Court ruled that it was uncertain as to whether the defendant was improperly using the estate asset and such a dispute had to be liquidated prior to the Bankruptcy Court ruling upon a stay violation issue. In this case, it is undisputed that subject tax appeal involves an estate asset. Thus, the request for sanctions based upon the stay violation was appropriately before this

Court. Accordingly, this case is distinguishable from *U.S. v. Inslaw.*

Finally, the Taxing Authorities rely on the Tax Court published opinion in, *Arizona Public Service Co., supra.* In *Arizona Public Service Co.,* the Tax Court ruled that a defendant's filing a motion to dismiss as to a debtor/plaintiff did not violate the automatic stay as to 11 U.S.C. § 362(a)(1), (3) or (6). In reaching its conclusion, the Tax Court in *Arizona Public Service Co.,* did not address the issue of whether the filing of a motion to dismiss was an improper control of an estate asset for purposes of 11 U.S.C. § 362(a)(3). This Court finds and concludes that the Tax Court decision was not properly reasoned. Consequently, the Court finds and concludes that the Taxing Authorities conduct was in violation of the automatic stay 11 U.S.C. § 362(a)(3).

The Court will next analyze whether the Taxing Authorities conduct was an action to collect a pre-petition claim is a violation of the automatic stay under 11 U.S.C. § 362(a)(6). On April 16, 1993, the Taxing Authorities filed a proof of claim in this case for a pre-petition claim equaling $444,-470.05. The motion to dismiss alleged that Debtor was required to pay the 2nd half of the tax assessment for 1992 in order for Debtor to continue its appeal. The Taxing Authorities state that Debtor could have merely requested the Court for permission to pay the second half taxes prior to the taxes becoming delinquent. See paragraph 3 of their Response to the OSC. Furthermore, the Taxing Authorities allege that the payment of the tax after the date the taxes were due could not have cured the default for purposes of the motion to dismiss. In other words, it was too late for Debtor to defeat the motion to dismiss because it is alleged that the Tax Court lost jurisdiction of the matter upon Debtor's failure to pay the tax in May 1993. Debtor alleges that the motion to dismiss was intended to compel Debtor to pay the pre-petition claim or was a form of harassment. The Court finds and concludes that although the payment may or may not have cured the defect, the motion to dismiss

appears to have been filed as a strategy or tactic in an attempt to collect the payment of its claim. This Court finds and concludes that evidence is necessary to determine whether the subject motion to dismiss was intended as a harassment tactic against the Debtor with the ultimate goal of receiving payment for their pre-petition claim. Thus, the Court will not rule on whether the Taxing Authorities violated 11 U.S.C. § 362(a)(6) since such a ruling is moot because the Court has found that the stay was violated under 11 U.S.C. § 362(a)(1)(3).

■■■ Since the Taxing Authorities violated the automatic stay under 11 U.S.C. § 362(a)(1)(3), the Debtor is entitled to remedy. An action taken in violation of the automatic stay is void. *In re Schwartz,* 954 F.2d 569 (9th Cir.1992). Furthermore, a judgment entered by a state court in violation of the automatic stay is void. *Great Southwest First Insurance Company v. Triple "I" Insurance Services, Inc.,* 151 Ariz. 283, 727 P.2d 336 (Ariz.1986). Consequently, the Court finds the minute entry dismissing the Tax Court case is void and should be vacated since both the motion to dismiss and the minute entry are considered void. The Taxing Authorities shall also take appropriate measures to remedy the situation and to return the matter to the Tax Court's dockets as if none of these actions occurred.

■■■ Debtor requests that damages be awarded based upon the conduct of the Taxing Authorities and their Counsel. Debtor is a limited partnership, consequently, Debtor is not entitled to damages under 362(h) because Debtor is not considered an individual for purposes of 362(h). *In re Goodman,* 991 F.2d 613 (9th Cir. 1993). However, Debtor may seek damages for civil contempt for violation of the automatic stay. *Id.* at 620. The Bankruptcy Court does not have power to issue civil contempt orders but may issue certification of facts to the District Court for their review. *In re Sequoia Auto Brokers Ltd., Inc.,* 827 F.2d 1281 (9th Cir.1987). Although this Court would be inclined to make findings on this record alone that the

Taxing Authorities and their counsel did not commit civil contempt because the Taxing Authorities had a good faith belief that the motion to dismiss was not in violation of the automatic stay due to the recent published Tax Court decision, *Arizona Public Service Co., supra,* Debtor may however file a separate application requesting such sanctions if deemed appropriate and done so within 30 days. Therefore, the Debtor's OSC is otherwise sustained. So ordered.