In re Richard W. WHITE, Debtor.

Richard W. WHITE, Appellant,

v.

CITY OF SANTEE, Appellee.

BAP No. SC–92–1688–OCJ.

Bankruptcy No. 91–01150–LM11.

Adv. No. 91–90842–LM11.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 18, 1995.

Decided Sept. 8, 1995.

---

Mark R. Moore, La Mesa, CA, for appellant.

Randal Morrison, Santee, CA, for appellee.

Before OLLASON, CURLEY[1] and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

Debtor appeals the bankruptcy court's dismissal of his complaint for failure to state a claim upon which relief may be granted. Debtor alleged that the City of Santee had willfully violated the automatic stay by demurring and obtaining dismissal of his cross-complaint in a state court action. **We Affirm.**

## STATEMENT OF FACTS

Richard W. White ("Debtor") filed a voluntary Chapter 11[2] bankruptcy petition on February 4, 1991. Debtor was attempting through state court action to collect money from the City of Santee, California ("City"), and listed this cause of action as property of the estate on his bankruptcy schedules.

Prior to filing the bankruptcy petition, Debtor had asserted claims against the City for payment of wages allegedly due him. In late 1989, Debtor filed a demand for arbitration of his claims with the Public Works Contract Arbitration Committee ("Committee"), a state agency. On October 30, 1989, the City filed an injunctive relief action in El Cajon Superior Court seeking to block Debtor's efforts to have his claims arbitrated, and a preliminary injunction was granted on the grounds that the Committee lacked jurisdiction. The City did not seek money damages.

On December 5, 1989, Debtor filed, *in propria persona,* a cross-complaint essentially asserting the same wage claims. The City filed a demurrer to Debtor's third amended cross-complaint, which was pending at the time of the bankruptcy filing. This was the City's fourth demurrer to the cross-complaint; the prior three demurrers had been granted with leaves to amend the complaint.

Shortly after Debtor filed the bankruptcy petition, on February 25, 1991, the City sent a letter to the superior court judge, with a copy to Debtor, informing the judge of the bankruptcy filing, and stating the following:

Mr. White's pro se bankruptcy filing deprives him of standing to pursue his cross-complaint in this Court.

"At the time a bankruptcy petition is filed, the trustee in bankruptcy is vested with title to all the bankrupt's property. 11 U.S.C. § 541. A cause of action is a property right which passes to the trustee in bankruptcy, even if such cause of action is not included in schedules filed with the bankruptcy court. Therefore, *upon filing a petition for bankruptcy, a debtor loses standing to pursue any claims because those claims become part of the bankruptcy estate.*" (citation omitted, emphasis in original)

We suggest that the Court take appropriate steps to make sure that the bankruptcy law, particularly the § 362 automatic stay, is not violated. Such actions might include a special status conference, taking the 4/1/91 demurrer and at-issue-memo hearing off calendar, and staying the entire case pending resolution of the bankruptcy case.

The state court went forward with a hearing on the City's demurrer on April 1, 1991. Debtor did not appear. By order entered April 9, 1991, the court sustained the demurrer without leave to amend, ordered the City

---

1. Hon. Sarah Sharer Curley, Bankruptcy Judge for the District of Arizona, sitting by designation.

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") Rules 1001–9036.

to give notice to Debtor, and allowed Debtor 30 days in which to seek reconsideration of the order. Debtor did not seek reconsideration.

On May 10, 1991, the City sought and was granted dismissal with prejudice of Debtor's cross-complaint. However, on May 2, 1991, without giving notice to the City or the superior court, Debtor had attempted to remove the action to bankruptcy court.[3] The City did not become aware of the attempted removal until May 23, 1991. The City moved the bankruptcy court to remand the matter to superior court on the grounds that there was nothing to remove since the action had been dismissed. The bankruptcy court granted the City's motion on October 21, 1991.

On December 13, 1991, Debtor filed a complaint in bankruptcy court alleging that the City's demurrer and dismissal actions regarding his cross-complaint violated the automatic stay provisions. The complaint sought the damages that Debtor had demanded in the cross-complaint, of $424,119.97, plus "consequential damages ... slander and libel, special damages, prejudgment interest, and attorney's fees and costs."

The City promptly filed a motion to dismiss the complaint for failure to state a claim and for sanctions for an allegedly frivolous appeal. Following a hearing[4] on this motion on January 30, 1992, the bankruptcy court issued its order of March 26, 1992, granting the motion to dismiss, but denying the sanctions. Debtor timely appealed.

## ISSUES

1. Whether the City's actions in state court for demurrer and dismissal of Debtor's cross-complaint violated the automatic stay provisions of § 362.

2. Whether the City had "unclean hands" in bringing the motion to dismiss Debtor's complaint.

3. According to the City, it was undisputed that Debtor's notice of the removal was deficient but details were not given by either party. Debtor has not argued that the state court lacked jurisdiction to dismiss the cross-complaint. Neither has he included a copy of the notice of removal

## STANDARD OF REVIEW

Dismissal for failure to state a claim upon which relief may be granted is a ruling on a question of law and is reviewed *de novo. In re Saylor,* 178 B.R. 209, 212 (9th Cir. BAP 1995). The Panel shall affirm the dismissal of the complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Baumer v. Pachl,* 8 F.3d 1341, 1343 (9th Cir.1993).

Questions of law and statutory interpretation are reviewed *de novo. In re Price,* 871 F.2d 97, 98 (9th Cir.1989).

The exercise of a trial court's equitable powers is reviewed under the "abuse of discretion" standard. *See Lemon v. Kurtzman,* 411 U.S. 192, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973); *Baker v. Delta Air Lines, Inc.,* 6 F.3d 632, 637 (9th Cir.1993).

## DISCUSSION

### Stay Violation

The automatic stay provisions of the Bankruptcy Code prohibit the continuation of a judicial action "against the debtor" that was commenced before the bankruptcy, § 362(a)(1); the Code also prohibits "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." § 362(a)(3). Where the language of the Code is plain, it is to be enforced according to its terms. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

Debtor's cause of action is considered property of the estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir.1986).

Debtor's argument derives from the notion that since the state court action was property of the estate, the City's motions to

in the record on appeal. We decline to *sua sponte* raise a jurisdictional issue.

4. A transcript of this hearing has not been made part of the record on appeal.

defeat and dismiss his cross-complaint deprived him of the ability to evaluate the litigation in the context of his Chapter 11 case and to obtain court approval to proceed with the litigation.

Debtor relies on one case out of the Western District of Virginia. In *In re Critical Fork Coal Corp.*, 18 B.R. 422 (Bankr.W.D.Va. 1982), four state court proceedings involving the debtor were purportedly transferred from district court to bankruptcy court but had not been properly removed or filed. The bankruptcy court determined that, in any event, the actions were not properly before it because they violated the automatic stay. It reasoned that the bankruptcy filing "effectively stops any further action in proceedings involving the debtor pending in other courts, regardless of whether the debtor is plaintiff or defendant" because the debtor may not incur postpetition debt, including litigation debt, without approval of the court. *Id.* at 424; *see also* § 364(b).

■■■■ The reasoning of *Critical Fork* has been seriously questioned and rejected by a majority of courts. *See Merchants & Farmers Bank of Dumas, Ark. v. Hill*, 122 B.R. 539, 541–43 (E.D.Ark.1990) (collecting cases). The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at time of bankruptcy. *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994); *Martin–Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989); *Shorr v. Kind*, 1 Cal.App.4th 249, 2 Cal.Rptr.2d 192, 193–94 (1991); Fed.R.Bankr.P. 6009.[5] Even if the debtor requires time to evaluate the litigation in terms of the bankruptcy, the time limitation on a debtor's action is not tolled by the filing of a bankruptcy petition. *See Lauriton v. Carnation Co.*, 215 Cal. App.3d 161, 263 Cal.Rptr. 476, 478 (1989). Furthermore, the superior court retains jurisdiction unless the action is properly removed. *Id.*; Fed.R.Bankr.P. 9027.

■■■■ Essentially, the policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets. *Martin–Trigona*, 892 F.2d at 577. The automatic stay is also intended to give debtors breathing room by stopping "all collection efforts, all harassment, and all foreclosure actions." *In re Bloom*, 875 F.2d 224, 226 (9th Cir.1989). Additionally, the automatic stay prevents "piecemeal dismemberment" and allows the debtor time to reorganize. *In re Computer Communications, Inc.*, 824 F.2d 725, 729–30 (9th Cir.1987).

■■■■ Therefore, the primary purpose of § 362 is not applicable to offensive actions by the debtor in possession or bankruptcy trustee. *Merrick*, 175 B.R. at 336. Where the debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations do not exist.

[T]he automatic stay is inapplicable to suits *by* the bankrupt ("debtor," as he is now called). This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or to exercise control over "property of the estate," § 362(a)(3), and from the policy behind the statute.... There is ... no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

*Martin–Trigona*, 892 F.2d at 577.

■■■■ Nevertheless, the automatic stay may prohibit some actions initiated by a defendant debtor. For example, the Ninth Circuit has joined a majority of circuits recognizing that the debtor will be stayed by § 362 from appealing an unfavorable judgment in an action that was originally brought against the debtor. *Ingersoll–Rand Financial Corp.*

---

**5.** Fed.R.Bankr.P. 6009 provides: "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceed-ing by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."

*v. Miller Mining Co., Inc.,* 817 F.2d 1424, 1426–27 (9th Cir.1987). *See also: Farley v. Henson,* 2 F.3d 273, 275 (8th Cir.1993); *Sheldon v. Munford, Inc.,* 902 F.2d 7, 9 (7th Cir.1990); *Ostano Commerzanstalt v. Telewide Sys., Inc.,* 790 F.2d 206, 207 (2nd Cir. 1986); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.,* 797 F.2d 227, 230 n. 4 (5th Cir.1986); *Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60, 62 (6th Cir. 1983); *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 449 (3rd Cir.1982).

*Ingersoll–Rand* was not cited by either party in this appeal, but it is important to distinguish this case. In *Ingersoll–Rand,* the initial proceedings were commenced against the debtor and a monetary judgment had also been entered against the debtor. The claim against the estate was, therefore, fixed prior to the filing of the Chapter 11 bankruptcy petition.

Although Fed.R.Bankr.P. 6009 appears to provide authority for the trustee or a debtor in possession to prosecute the appeal of an adverse prepetition judgment against the estate, the Ninth Circuit Court of Appeals chose a more restrictive reading of Rule 6009 to be consistent with § 362(a)(1) and (a)(3). Such a restrictive view may be appropriate where a monetary judgment has already been entered prepetition and the estate is likely to incur increased costs and expenses that may impact creditors adversely if an appeal is pursued.

At first blush, there is a certain similarity between Debtor's actions and the actions of the debtor in *Ingersoll–Rand.* In this matter, Debtor was asserting his claim for the payment of wages by means of a cross-complaint in a superior court action against the Debtor commenced prepetition by the City. In *Ingersoll–Rand,* the debtor was attempting to pursue its rights on appeal. Each appears to focus on actions taken by a debtor within the confines of an action commenced prepetition against the debtor. However, in this case, Debtor initially asserted his claim before a state administrative agency. Moreover, if we analyze the superior court proceedings, the City had already obtained a judgment—an injunction—prior to the Debt-

or proceeding with his cross-complaint. The injunctive relief simply prohibited Debtor from taking certain action and did not seek a monetary judgment. Therefore, by the time Debtor filed his cross-complaint and his numerous amended cross-complaints with the superior court, he was seeking the same separate and affirmative relief that he had sought previously before the administrative agency. Debtor was not appealing an adverse ruling as in the *Ingersoll–Rand* decision.

■■■■ The threshold test is whether the proceeding below was brought against the debtor. An action is "against the debtor" if it was initiated against the debtor. *In re Capgro Leasing Assocs.,* 169 B.R. 305, 311 (Bankr.E.D.N.Y.1994) (collecting cases); *In re Bellucci,* 119 B.R. 763, 768 n. 6 (Bankr. E.D.Cal.1990). We "examine the proceedings as a whole to determine whether they are, in fact, initiated 'against the debtor.'" *Delpit v. C.I.R.,* 18 F.3d 768, 773 (9th Cir. 1994).

■■■ In the instant case, the action was clearly initiated by Debtor's assertion of wage claims against the City and his demand for arbitration of these claims before the state agency. The initiation of administrative proceedings as opposed to a lawsuit suffices under this test. *See Delpit,* 18 F.3d at 770 (tax assessment procedure included a number of administrative proceedings initiated against the debtor who later appealed the Tax Court judgment).

The City's complaint for injunctive relief was filed in defense to Debtor's arbitration demand for its own claims, and was successful due to the state agency's lack of jurisdiction. Debtor's cross-complaint in superior court asserted essentially the same claims. Since Debtor initiated the proceedings, and the City had not obtained a monetary judgment prepetition, Debtor's cross-complaint in the ensuing state court litigation was not stayed by § 362. As a result, we hold that the City's demurrer and dismissal of the cross-complaint was not subject to the automatic stay provisions.

The Bankruptcy Appellate Panel's ("BAP") similar ruling in *In re Merrick,* 175 B.R. 333

(9th Cir. BAP 1994), is applicable to this appeal. *Merrick* involved defendants' pre-petition motions for summary judgment to dismiss a lawsuit filed by the debtor in state court. Following the bankruptcy filing, the state court heard the motions and entered summary judgment in defendants' favor. The Chapter 7 trustee filed a complaint in the bankruptcy court against the defendants for willful violation of the automatic stay based on the defendants' postpetition pursuit of dismissal of the state court action.

After analyzing Judge Posner's opinion in *Martin–Trigona,* and other cases, the BAP stated that "[i]t is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor." *Merrick,* 175 B.R. at 337. Out of fairness, the defendant should be allowed to defend himself from attack, and "[t]he automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate." *Id.* at 338.

*Merrick* additionally held:

> It is most unlikely that a contention by a defendant that the trustee's claim is unfounded can be equated with exercising dominion or control over property of the estate. The only place where the language permits a broader view is § 362(a)(8), where the automatic stay applies to the "commencement or continuation of a proceeding before the United States Tax Court *concerning* the debtor." (emphasis added). Thus, the operative subsections in the case at hand, (a)(1) and (a)(3), contemplate actions "*against* " the debtor and not "*concerning* " the debtor, which is much broader.

*Id.* at 336.

The ruling in *Merrick* is consistent with *Ingersoll–Rand,* although *Merrick* did not discuss that case, since the proceedings were commenced by the debtor prepetition and, as such, the defendants were entitled to defend their position, even against the trustee, by requesting dismissal of the proceedings postpetition.

At least one court has taken exception to the application of Judge Posner's viewpoint from *Martin–Trigona* in a Chapter 11 case. In *In re General Associated Investors Ltd. Partnership,* 159 B.R. 551 (Bankr.D.Ariz. 1993), the state taxing authority had filed a motion to dismiss the debtor's state tax court complaint concerning a prepetition tax assessment. The bankruptcy court determined that the creditor's action in seeking dismissal of the complaint violated the policy of the automatic stay because it was an attempt to harass the debtor and to control property of the estate. The state's action made it more difficult for the Chapter 11 debtor to reorganize "without being diverted or interrupted." *Id.* at 555. The bankruptcy court opined that *Martin–Trigona* had not ruled on this aspect of § 362(a)(3) due to a subsequent amendment of the statute. The bankruptcy court also held that the taxing authorities improperly continued an action or proceeding against the debtor in violation of § 362(a)(1). *General Associated,* 159 B.R. at 553–54.

We believe that *General Associated* is distinguishable on several grounds. First, there is no analysis of *Ingersoll–Rand.* Moreover, the BAP decision of *Merrick* was decided after *General Associated.* Presumably, the *General Associated* court would have viewed the facts differently in light of these authorities.

*General Associated* is also distinguishable based on the nature of the proceedings. In *General Associated,* the taxing authority had assessed the taxes against the debtor prepetition. Therefore, in viewing the totality of the proceedings, one may argue that the proceedings were actually commenced against the debtor prepetition. *Accord, Delpit,* 18 F.3d at 770 (Chapter 11 debtors' appeal from a tax court judgment concerning an alleged tax deficiency is a "continuation" of an administrative proceeding "against the debtor"—an IRS audit—within the meaning of § 362(a)(1)). *See also Bloom,* 875 F.2d at 226–27 (debtor's exemption claim action was precipitated by the judgment creditor's levy upon his salary, and creditor's motion, *inter alia,* to strike the claim violated the automatic stay).

The debtor in *General Associated* also had to pay the taxes to pursue an appeal. Therefore, the debtor's actions would have had a direct effect on the estate by requiring a diminution of estate assets to pay a prepetition claim. As such, the *General Associated* court may have come to the correct conclusion.

In the instant case, Debtor initiated wage claims for monetary damages against the City, seeking arbitration by a state agency. In its defense, the City blocked the arbitration; it did not seek monetary damages. Then, Debtor filed a cross-complaint, to which the City demurred. Armed with a favorable decision, the City moved to dismiss the cross-complaint. Thus, the City was only defending itself against the Debtor's strategies. As the BAP stated in *Merrick:* "It is most unlikely that a contention by a defendant that the trustee's claim is unfounded can be equated with exercising dominion or control over property of the estate." 175 B.R. at 336.

In addition, the effect of the City's conduct on Debtor's reorganization was minimal, and the potential benefit of the action to the estate was highly speculative based on the history of this action in state court. Specifically, Debtor amended his cross-complaint three times. The City was granted injunctive relief and successfully demurred to all four of Debtor's cross-complaints.

### Unclean Hands

Debtor contends that the City's letter to the superior court judge was "improper *ex parte* communication" that "incorrectly informed [him] that the automatic stay *did* apply to the City's pending motion for summary judgment." Debtor stated that the City "deceiv[ed]" him by going forward with the hearing on the demurrer instead of following the law as stated in their own letter. "[T]his fact alone" was grounds for the bankruptcy court to rule in favor of Debtor because the City had unclean hands, Debtor contends.

As the City pointed out, the letter was not *ex parte.*

The letter was not entirely accurate as to Debtor's standing to pursue the action in the Chapter 11 case. However, once it was learned that the state court was going forward with the hearing on the demurrer, all parties should have realized that Debtor could appear in the action. Although Debtor did not appear, he did not contend that this part of the letter deceived him.

The letter also stated the following regarding the effect of the automatic stay:

We suggest that the Court take appropriate steps to make sure that the bankruptcy law, particularly the § 362 automatic stay, is not violated. Such actions might include a special status conference, taking the 4/1/91 demurrer and at-issue-memo hearing off calendar, and staying the entire case pending resolution of the bankruptcy case.

The Panel fails to see anywhere in that paragraph an incorrect statement of law or misinformation. The suggested actions were not taken, nor did the state court rely on the City's cautious remarks. On the other hand, Debtor received full notice and opportunity to participate in the continuing proceedings in state court.

### CONCLUSION

The City did not violate the automatic stay by defending and ultimately obtaining dismissal of the state court action which was initiated by Debtor prepetition. The City's letter of caution to the superior court judge was not improper or unjust such as to soil its motion to dismiss Debtor's complaint in bankruptcy court with unclean hands. The bankruptcy court's order granting the City's motion to dismiss Debtor's complaint for failure to state a claim is AFFIRMED.