**In re Ronald Edward ROGERS, Debtor.**

**No. 00-40771-PNS3.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

July 21, 2000.

Ronald Edward Rogers, Pro se.

Suzanne Manifold, Pro se.

Jeffrey S. Berlowitz, Russin & Simmons, Miami, FL, for Movants.

Sherry Chancellor, Pensacola, FL, for trustee.

### MEMORANDUM ORDER DENYING DEBTOR'S MOTION FOR RECOVERY OF DAMAGES AGAINST RUSSIN, SIMMONS, AND MANIFOLD

LEWIS M. KILLIAN, Bankruptcy Judge.

THIS MATTER was heard on June 29, 2000, on the Notice of Violation of Automatic Stay by Peter Russin and Newton

Simmons and Motion for Recovery of Damages, and Notice of Violation of Automatic Stay by Suzanne Manifold and Motion for Recovery of Damages. The Court's findings are a result of a review of the procedural history, the pleadings, and the arguments by the Debtor, the Chapter 7 Trustee, and the Parties.

The issues before the Bankruptcy Court today are rooted in a 1989 lawsuit in the U.S. District Court for the Southern District of Florida between Simmons and Rogers that resulted in a $5.2 million judgment favoring Rogers. In January and February of 1998, Rogers commenced execution of the judgment (enlisting United States Marshals acting pursuant to a Break Order) by seizing property from Simmons' home. Some of the seized property is alleged to be in the possession of Rogers' attorney, Nelson Heggen. Simmons has claimed some of the seized property as exempt from execution and Manifold claims that some of it is hers and thus not subject to execution.

Simmons, through his attorney Russin, and Manifold took certain responsive actions, seeking to recover their property both before and after Rogers' bankruptcy petition. Rogers noticed this Court regarding alleged violations of the automatic stay, and sought recovery of damages accordingly. For the reasons stated below, the contested filings by Simmons and Manifold are not violative of the automatic stay. Consequently, damages will not be awarded with regard to those filings.

The District Court adjudicated the property seized from Simmons as exempt from execution. On April 30, 1998, the first of a total of six orders was issued, instructing Rogers to return the seized property. Rogers did not comply with those orders. On March 29, 2000, the Court entered an order directing Rogers and Simmons to meet and agree to an amount of money that would compensate Simmons with reference to the seized property. On April 10th, Simmons filed a Motion for Clarification and/or Reconsideration of the March 29th

order, seeking return of the seized property in lieu of a meeting to set the value of the property, based on the apparent futility of attempting to reach any agreement on the issue. On April 13th, the District Court entered an Order directing Rogers to respond to Simmons' Motion for Clarification by April 26th. The April 13th Order also directed Simmons to respond to the projected April 26th Rogers response by May 3rd. Rogers filed this bankruptcy case on April 17th. Simmons filed the required response as a supplementary filing on May 3rd, with a preamble suggesting that the May 3rd filing was a nullity if the automatic stay for Rogers' Chapter 7 case applied to such filing.

In his supplementary filing, Simmons once again argued for the return of his exempt property from Rogers' attorney who Simmons believed was holding the property in escrow. The filing requested that the Court direct the U.S. Marshals to recover the property for him and to impose sanctions against Rogers' attorney if he refused to cooperate.

On May 19, 2000, Rogers filed a Notice of Violation of the Automatic Stay by Russin (Simmons' attorney) and Simmons, and Motion for Recovery of Damages. Rogers asserted that the May 3rd filing by Russin on behalf of Simmons violated the automatic stay.

On June 26, 2000, Russin and Simmons, through counsel, filed a Response to Debtor's Notice of Violation of the Automatic Stay and Motion for Recovery of Damages. Russin and Simmons asserted that their May 3rd supplementary filing of their Motion for Clarification was mandated by Order of the District Court, and that the preamble to the May 3rd Motion announced that the Motion was a nullity in the event that the Bankruptcy Court's automatic stay controlled the District Court proceeding.

Russin and Simmons further asserted that the subject matter of the May 3rd Motion was not property of Rogers' bankruptcy estate, as title to the property in

controversy did not vest in Rogers simply by seizure. Additionally, they contended that the seized property was actually Simmons' exempt personal property, not subject to the judgment. Finally, Simmons and Russin reminded the Court that the prayer for relief specified a request for sanctions against Rogers' attorney Heggen, not Rogers, in the event that the property in question was not returned.

Meanwhile, Manifold pursued an action against Rogers for the return of her property that was seized while it was at Simmons' home. On April 11, 2000, the Magistrate Judge in the District Court issued a Report and Recommendation recommending the denial of Manifold's Motion for Summary Judgment regarding the contested property. On April 20th, following the District Court's docketing of Rogers' Suggestion of Bankruptcy on April 19th, Manifold objected to certain findings in the Magistrate's report and to the recommendation that her summary judgment motion be denied. On May 8th, Rogers filed a Response in Opposition to Manifold's Objection claiming that the action was stayed by his bankruptcy. Manifold answered Rogers' Opposition Response on May 15th.

Following this District Court activity, Rogers filed a Notice of Violation of the Automatic Stay by Suzanne Manifold, and Motion for Recovery of Damages in this Court on May 22, 2000. Manifold's Response of June 1st denied any violation of the stay, suggesting that she was defending herself from assertions made by Rogers in his Response to Manifold's Objection to the magistrate's report. Her response also suggested that the automatic stay did not apply to actions prosecuted by Rogers, but only to those against prosecuted against Rogers.

Rogers' June 12, 2000 Reply to Manifold's Response to Rogers Notice of Violation decried Manifold's application of the scope of the stay, arguing that Manifold was seeking affirmative relief from Rogers, and thus was subject to the stay.

■ The primary purpose of automatic stay to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets. *In re White*, 186 B.R. 700, 704 (9th Cir. BAP 1995). The stay is not applicable to offensive actions by debtor in possession or bankruptcy trustees. *Id.* The Trustee or debtor (in possession) is not prevented by the automatic stay from prosecuting or appearing in an action which debtor has initiated and that is pending at time of bankruptcy. *Id.* However, when the debtor has initiated a pre-petition lawsuit against creditor, the same policy considerations do not exist. *Id.* The automatic stay only stays actions *against* a debtor, not those pursued *by* the debtor. *In re Reichenbach*, 219 B.R. 247, 250 (Bankr.E.D.Ark.1998)(emphasis added).

■ "It is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit initiated by the debtor." *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994). "Out of fairness, the defendant should be allowed to defend himself from attack, and 'the automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.'" *In re White* at 705 *citing to In re Merrick* at 338.

■ As to Simmons, the pleadings seek return of Simmons' exempt property. Neither Rogers nor his estate have an interest in this property. Furthermore, the pleadings anticipate a potential action against Rogers' attorney Heggen, not Rogers himself, in the event that there is a further refusal to comply with the District Court orders regarding the return of the exempt property. The action is related to Rogers' post-petition conduct and is thus outside the parameters of the pre-petition matters regulated by the automatic stay. Finally, the supplemental filing of the Motion for Reconsideration by Russin pleads in the alternative such that the pleading would be a nullity if the automatic stay were in effect referenced to the matter at hand. Thus, the pleading is not a wilful violation of the stay, and is not subject to an order of sanctions against Russin or Simmons.

■ As to Manifold, her Limited Objection was a pleading designed to correct the record as to debt that was discharged in Simmons' bankruptcy. Likewise, she seeks a return of property that is not property of Rogers or his bankruptcy estate. As to her second post-petition filing, it was a responsive pleading to Rogers' claim that her efforts to recover her property is stayed by this bankruptcy. Rather than engaging in an offensive action against Rogers, Manifold's actions are, in effect, defensive as against Rogers' continued possession of her property. Manifold's defensive response is no more a violation of the automatic stay than Rogers' continued action in pursuit of his judgment against Simmons.

The automatic stay does not apply to Simmons' and Manifold's activities in the pursuit of the recovery of their property in the District Court. Therefore, this Court finds that Manifold and Simmons did not violate the automatic stay referenced to their actions to recover their property. As such, Rogers' Motion for Recovery of Damages against Manifold, and Rogers' Motion for Recovery of Damages against Simmons are DENIED.