DECISION
{¶ 1} Plaintiff-appellant, Sidney Lewis, has moved for reconsideration pursuant to App.R. 26(A) from an order of this court dismissing his appeal for failure to file a brief within the time provided by App.R. 18.
 {¶ 2} The underlying action in this case was filed by appellant against appellees Western Surety Company and Old Republic Surety Company. Western Surety responded with a counterclaim under R.C. 2323.52 in order to have appellant declared a vexatious litigator based upon his conduct in this case and related litigation; this case is but one of many pursued pro se by appellant in the Franklin County Court of Common Pleas, this appellate court, the Supreme Court of Ohio, and the Federal District Court against the present appellees and other parties.
 {¶ 3} The trial court granted summary judgment for appellees on appellant's complaint in the underlying action on May 3, 2006, and entered judgment on appellees' counterclaim on May 4, 2006, finding that appellant should be adjudicated a vexatious litigator under R.C. 2323.52. It should be noted that, prior to the common pleas court determination in this case, appellant had already been declared a vexatious litigator by the Supreme Court of Ohio, pursuant to Supreme Court Practice Rule XIV(5)(B), thus restricting his frivolous practices before the Supreme Court of Ohio. Although appellant tends to assimilate the two vexatious litigator findings, they are distinct in scope and effect and the present appeal is, of course, solely concerned with the court of common pleas' judgment.
 {¶ 4} On June 2, 2006, appellant, duly complying with the requirements of R.C. 2323.52(D)(1), filed a motion for leave to file a notice of appeal from the trial court's judgment. By journal entry dated July 14, 2006, we granted appellant's motion for leave and accepted his notice of appeal filed instanter.
 {¶ 5} On July 17, 2006, appellant filed a notice that he had filed for bankruptcy in federal court and that proceedings before this court should be stayed. Although we entered stays in many of appellant's other appeals pending before this court, we did not journalize a formal entry staying the proceedings in this specific appeal because the underlying action was initiated by appellant as plaintiff and we thus considered that the bankruptcy did not apply. The filing of the record and the briefing schedule therefore proceeded according to rule.
 {¶ 6} On September 15, 2006, we entered a journal entry of dismissal granting appellee's motion to dismiss for failure to prosecute, based on the fact that appellant had not filed a brief in the appeal within the time provided by App.R. 18(A).
 {¶ 7} Appellant has moved for reconsideration of dismissal of the appeal on two grounds: first, that the matter was or should have been stayed due to his bankruptcy filing, and second, that the dismissal violates appellant's right to due process of law under the Ohio and United States Constitutions. Appellee Western Surety Company has filed a memorandum in opposition to reconsideration.
 {¶ 8} The test applied to an application for reconsideration under App.R. 26(A) is whether the motion calls to the attention of the court an obvious error in our prior determination or raises an issue that was not properly considered by this court in the first instance. Matthews v. Matthews (1981),5 Ohio App.3d 140.
 {¶ 9} Because we did not enter an explicit stay in this matter, the sole question before us is whether the automatic stay under Section 362, Title 11, U.S. Code ("Section 362") operated to prevent any action by this court, including dismissal of appellant's appeal, during the pendency of appellant's bankruptcy:
§ 362. Automatic stay
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
* * *
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]
 {¶ 10} Section 362 operates to stay "only actions or proceedings `against the debtor.'" Rhone-Poulenc Surfactantsand Specialties, L.P. v. Commissioner of Internal Revenue
(C.A.3, 2001), 249 F.3d 175, 179. While there is a split in federal authority over whether a counterclaim for damages against a bankrupt in an action originally initiated by the bankrupt would be stayed by Section 362, see, e.g., McMillan v. MBankFort Worth, N.A., (C.A.5, 1993), 4 F.3d 362, 366; In re White
(Bankr.Ct. 1995), 186 B.R. 700, 705, the nature of the counterclaim in the present case does not call for us to choose between these differing federal views.
 {¶ 11} Cogent arguments can be made that monetary counterclaims against a bankrupt, even where the litigation was originally initiated by a complaint brought by the bankrupt, should be stayed as they represent claims "against" the bankrupt or the property of the estate. There seems no reason, however, to apply the stay to vexatious litigator proceedings under R.C.2323.52, as this is a claim against the bankrupt that is purely ancillary to the bankrupt's own claims as a plaintiff (which are clearly not stayed by Section 362) and has little bearing on preservation of the bankruptcy estate. The situation is generally comparable to sanctions or fee motion proceedings against the bankrupt in a tort law suit initially brought by the bankrupt; courts have held that these are not subject to the bankruptcy stay as they arise out of the underlying litigation which itself is not subject to stay. See, e.g., McNeil v. Powers (2004), 123 Wash.App. 577, 97 P.3d 760 (holding that a Civ.R. 11 sanctions motion against bankrupt were not stayed by Section 362). Since the vexatious litigator judgment, unlike some sanctions proceedings, does not even directly result in imposition of financial sanctions, the rationale for applying a Section 362 stay is even weaker here than it would be a Civ.R. 11 case.
 {¶ 12} We accordingly find that proceedings to have a litigant declared a vexatious litigator under R.C. 2323.52 are not stayed by the automatic bankruptcy stay under Section 362 if: (1) the R.C. 2323.52 complaint is brought as a counterclaim in a matter in which the bankrupt was originally the plaintiff; and (2) that suit by the plaintiff was not itself stayed by Section 362.
 {¶ 13} We now turn to appellant's contention that he was denied due process in the dismissal of his appeal for failure to file a brief. The record reveals that the trial court, presumably as a ministerial response to the bankruptcy notice, somewhat superfluously entered a stay, pursuant to bankruptcy, on August 1, 2006, after final judgment had been rendered and this appeal taken. This stay was, of course, of no effect with respect to proceedings in the appeal before this court. Notice was sent to appellant on August 2, 2006, that the record had been filed with the court of appeals and appellant's brief was due 20 days from the filing of the record. On August 30, 2006, appellant had yet to file his brief and appellee Western Surety filed a motion to dismiss for failure to prosecute. Appellant did not respond either with a motion for an extension of time or with a filed brief, and, on September 15, 2006, this court granted the motion to dismiss.
 {¶ 14} Appellant had 28 days between the filing of the record and appellee's motion to dismiss in which to file his brief, and a full 15 days after receiving the motion to dismiss in which to either file a motion for extension or his brief itself. Instead, appellant responded on the day our journal entry of dismissal was entered with a motion asserting that the trial court clerk had violated the stay by transmitting the record itself and with a belated motion for an extension of time to file his brief.
 {¶ 15} The sequence of events in this appeal does not demonstrate a lack of due process leading up to the dismissal of the appeal. This is especially so when appellant's history of intensive and protracted litigation in multiple courts is taken into account; appellant has prosecuted innumerable appeals in this court and has repeatedly demonstrated, where it suits him, full familiarity with the Ohio Appellate Rules and our local rules.
 {¶ 16} Moreover, while the merits of the trial court's R.C.2323.52 determination are not before us because we have disposed of this appeal on a procedural point, the outcome of this appeal reflects the natural culmination of appellant's persistent and pernicious practice of litigating his cases, even those he has himself initiated, with a complete disinterest in resolving the underlying dispute and total preoccupation with delaying and harassing tactics. As a result, appellant can evidently no longer stay abreast of the multitude of cases he has spawned and monitor their procedural status. Appellant may have been over-optimistic about the benefits to be derived from yet another sham bankruptcy filed to seek the shelter of a bankruptcy stay, but this does not constitute a denial of due process by the judicial system.
 {¶ 17} The trial court's decision in this matter declaring appellant to be a vexatious litigator was not taken lightly or without full contemplation of the circumstances surrounding this and other litigation which appellant is involved. As the trial court noted in its lengthy, thorough, and detailed decision, appellant has buried the courts and opposing parties in an absolute blizzard of unfounded and often incomprehensible filings, often times in cases in which appellant is not even formally a party. Baseless motions, impermissible interlocutory appeals to this court from the most trivial of trial court orders, repeated attempts to remove cases to federal court on the flimsiest pretexts only to have the cases peremptorily returned by the federal courts, all exhibit a pattern of abusive and unnecessary litigation in some 66 cases involving appellant in the Franklin County Court of Common Pleas, Franklin County Municipal Court, Franklin County Probate Court, this court of appeals, the Ohio Supreme Court, United States District Court for the Southern District of Ohio, and the bankruptcy court in recent years.
 {¶ 18} In accordance with the foregoing, we find that appellant has failed to point out an obvious error in our decision or a matter that was not fully considered by us therein, and appellant's application for reconsideration is denied.
Application for reconsideration denied.
Brown and McGrath, JJ., concur.