In re UNITED DEPARTMENT STORES, INC., Hughes & Hatcher, Inc., Debtors.

Bernard E. PINCUS and Max J. Pincus, Plaintiffs,

v.

OUTLET COMPANY, Defendant.

OUTLET COMPANY, Third-Party Plaintiff,

v.

UNITED DEPARTMENT STORES, INC., and Hughes & Hatcher, Inc., Third-Party Defendants.

Bankruptcy Nos. 82 B 10151, 82 B 10152 (EJR).

Adv. No. 82–0808–G.

United States Bankruptcy Court, S.D. New York.

Sept. 30, 1983.

**34**

Weil, Gotshal & Manges, New York City, for debtors.

Miro, Miro & Weiner, P.C., Bloomfield Hills, Mich., and Shea & Gould, New York City, for plaintiffs Bernard E. Pincus and Max J. Pincus.

Moses & Singer, New York City, for third-party plaintiff The Outlet Co.

## DECISION ON PLAINTIFFS' MOTION FOR REMAND

EDWARD J. RYAN, Bankruptcy Judge.

On January 25, 1982, United Department Stores, Inc., (UDS) and Hughes & Hatcher, Inc., a Delaware Corporation, (H & H) filed petitions for reorganization under Chapter 11 of the Bankruptcy Code. UDS and H & H were continued in possession of their respective properties and in operation of their businesses pursuant to section 1108 of the Bankruptcy Code.

In May of 1977 The Outlet Company (Outlet) purchased Hughes & Hatcher, a New York Corporation, from Bernard and Max Pincus (plaintiffs). By agreements dated June 20, 1978 and September 28, 1977 The Outlet Company agreed to employ the plaintiffs (the employment agreements). In 1980 Outlet formed H & H, the debtor herein, and transferred all the assets of Hughes & Hatcher, the New York Corporation, to the debtor.

Thereafter UDS purchased H & H from Outlet. As part of this acquisition, UDS allegedly assumed the employment agreements and agreed to indemnify and hold Outlet free and harmless from any and all claims and liabilities arising out of these employment contracts.

On April 2, 1982 plaintiffs filed suit in the United States District Court for the Eastern District of Michigan against Outlet, alleging breach of the employment agreements. Plaintiffs demanded a trial by jury.

Outlet removed the suit to the Bankruptcy Court for the Eastern District of Michigan on May 17, 1982. On that same day Outlet commenced an adversary proceeding in the Michigan Bankruptcy Court by filing a third party complaint against H & H and UDS, alleging that the debtors are primarily liable for the employment agreements and seeking judgment equal to any recovery made by the plaintiffs against Outlet.

On May 27, 1982 plaintiffs moved the Michigan Bankruptcy Court for an order remanding the case to the District Court for the Eastern District of Michigan. Pursuant to 28 U.S.C. 1478(b), the court to which a

claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

By notice of motion dated June 18, 1982, UDS and H & H moved the Michigan Bankruptcy Court for an order dismissing the adversary proceeding for improper venue pursuant to 28 U.S.C. § 1473(a) or, alternatively, transferring the removed action to this court pursuant to 28 U.S.C. 1475. The Michigan Bankruptcy Court, by order dated August 24, 1982, changed the venue to this court pursuant to [28] U.S.C. 1473(a) as a proceeding related to the Chapter 11 cases pending before this court involving UDS and H & H.

The case was entered on this court's docket on September 21, 1982. By notice of hearing dated May 25, 1983, plaintiff's motion for remand was placed on this court's calendar.

Outlet contends that the Michigan bankruptcy court in changing the venue to this court, implicitly denied the remand motion, and that this implicit decision is res judicata to the instant motion. On this basis Outlet requests that it be granted attorneys' fees.

■ This contention is without merit. The Michigan bankruptcy court only found that the efficient and economic administration of the estates required that the instant cause be transferred to this court. It never ruled, on, nor made any findings with respect to the remand motion. Therefore, that motion must be determined by this court.

Plaintiffs, relying on *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), argue that this action must be remanded because this court lacks subject matter jurisdiction. However, there is no need to enter the *Marathon* thicket as the equities compel remand of this action. *See In re Comtek Electronics, Inc.,* 23 B.R. 449 (Bkrtcy.S.D.N.Y.1982).

■ The resolution of this action will have minimal effect on the administration of the debtors' pending Chapter 11 cases. Any liability of the debtors will result in an unsecured claim. Presently, the debtors are unable to pay all their administration claims. Payment of unsecured creditors is contingent on the resolution in the debtors' favor of "two major claims outstanding." Accordingly, any financial interest of the debtors in the resolution of this action is entirely speculative.

The plaintiffs commenced an action in Michigan solely against Outlet. Plaintiffs seek no recovery from the debtors, nor make any claims against property of the estate. The debtors are not parties to the employment agreements. Further, the issues raised are not based on bankruptcy law. Therefore, the expertise of this court is not required to adjudicate this matter. Also, pursuant to Emergency Rule I(d)(1)(D), this court is not empowered to hold jury trials.

Congress enacted Chapter 11 of the Bankruptcy Code in order to rehabilitate financially troubled businesses. Bankruptcy courts were created to accomplish this legislative purpose, not to resolve disputes between non-debtors.

Plaintiffs' motion to remand this action to the United States District Court for the Eastern District of Michigan, Southern Division, is granted.

Settle an appropriate order without costs.