39 B.R. 894 (1984)
In re Frank James HILL, Sally Ann Hill, Debtors.
Robert W. MYERS, Trustee, Plaintiff,
v.
Joel C. SHEKTER, Olivian Shekter and Richard Hoak, Mary Frances Hoak, Defendants.
Bankruptcy No. 383-03999, Adv. No. 84-0079.
United States Bankruptcy Court, Oregon.
May 23, 1984.
*895 Magar E. Magar, Portland, Or., for trustee.
Robert M. Vetto, Portland, Or., for defendants.

MEMORANDUM OPINION
HENRY L. HESS, Jr., Bankruptcy Judge.
This matter came before the court upon the trustee's complaint to avoid an alleged preference under 11 U.S.C. § 547(b).
On April 23, 1984, the court heard oral argument from the parties. At that time, it became apparent that there was no factual dispute between the parties. Accordingly, the court requested that the parties submit memoranda of law and announced that the matter would be decided based upon the following stipulated facts:
1. On June 17, 1971, the debtors herein purchased certain real property located in Washington County, Oregon, from the defendants. The purchase price was financed by a promissory note executed by the debtors and secured by a trust deed on the subject property. The trust deed was duly recorded in Washington County, Oregon on June 18, 1971.
2. On November 24, 1981, the defendants commenced judicial foreclosure proceedings in Washington County Circuit Court (hereinafter referred to as the "state court") in order to foreclose the debtors' interest in the real property.
3. On April 7, 1982, the state court entered a decree of foreclosure in favor of the defendants.
4. On November 10, 1982, the property was sold by the Washington County Sheriff pursuant to a writ of execution issued by the state court. The defendants were the successful bidders at the sale.
5. On December 7, 1982, the state court entered an order confirming the sale.
6. On November 10, 1983, the debtors' statutory right of redemption expired under Oregon law pursuant to ORS 23.560(1) (1983).
7. On November 14, 1983, the state court entered an order to the sheriff of Washington County requiring the *896 sheriff to deliver a deed to the property to the defendants. This was done on November 15, 1983.
8. On November 16, 1983, the sheriff's deed was recorded by the defendants in Washington County.
9. Sometime between November 14, 1983 and December 5, 1983, the debtors filed a motion with the state court seeking to set aside that court's order of November 14, 1983, which order required the sheriff to deliver a deed to the property to the defendants.
10. On December 5, 1983, the debtors filed a Chapter 13 bankruptcy petition with this court.
11. On January 3, 1984, the state court conducted a hearing on the debtors' motion to set aside the state court's order of November 14, 1983, requiring delivery of the sheriff's deed. The debtors did not appear at that hearing because they believed that the automatic stay resulting from the filing of the petition in bankruptcy precluded the state court from acting on the motion.
12. On January 16, 1984, the state court entered its order denying the debtors' motion to set aside the order of November 14, 1983.
As a result of these various events, the trustee for the debtors' estate commenced this adversary proceeding alleging that the delivery to the defendants of the sheriff's deed to the property constituted a preferential transfer under 11 U.S.C. § 547.
In response, the defendants argued that the transfer occurred at the time the defendants' security interest in the subject property was perfected. In support of this argument, the defendants cite In re Madrid, 725 F.2d 1197 (9th Cir.1984). In Madrid, the court held that the time of transfer for § 548(a) (fraudulent conveyances) purposes, is the time the security interest in the subject property is perfected under applicable state law. Further, in footnote 2, at p. 1201 the court stated:
Our holding is in accord with cases decided under the preferential transfer section of the Bankruptcy Code (current Code § 547; former § 60(a) of the Act). The principle running throughout those cases is that enforcement of a valid lien within four months of bankruptcy petition filing cannot be struck down as a preferential transfer where the lien was perfected outside the four-month reach back period. No matter what enforcement mechanism was employed, transfer for purposes of the preferential transfer section occurred at time of perfection of the lien, and not at time of enforcement. (Citations omitted.)
It is apparent from this footnote, that the court's holding in Madrid would be applied to § 547 as well as § 548.
Accordingly, in view of the 9th Circuit's ruling in Madrid, this court holds that the transfer date for preferential transfer purposes is the date the security interest in question was perfected under applicable state law.
In this case, the parties agree that the trust deed was perfected by recording on June 18, 1971. See ORS 93.610, et seq. The debtors' bankruptcy petition was filed on December 5, 1983. Section 547 requires, among other things, that there be a transfer within 90 days of the filing of the petition. Since the transfer in this case occurred more than 90 days before the filing of the petition, the trustee's complaint must be dismissed and judgment will be entered for the defendants herein.
As an additional matter, the trustee has argued in his reply that because of the automatic stay of § 362, the state court could not act on the debtors' motion to set aside the state court's prior order requiring the sheriff to deliver a deed to the defendants. Based on this, the trustee has requested that either the debtors' motion to set aside the state court's order be considered by this court, or that the automatic stay be lifted to allow the debtors to proceed with their motion in state court. The court will deny this request for two reasons.
*897 Relief from the automatic stay is unnecessary. At the time the state court considered the debtors' motion, the automatic stay was not in effect as to the property. The motion was filed after the debtors' one year statutory right of redemption had expired. As a result of the passage of this time, the debtors had no interest in the property at the time of the filing of the petition in bankruptcy. See ORS 86.715, 88.080 and 23.600. See also In Re Petersen, Case No. 683-07082(c), Memorandum Opinion dated May 10, 1984 (D.Or., J. Wilhardt). Accordingly, the property was not property of the estate and the automatic stay of § 362 did not preclude the state court from ruling on the debtors' motion.
Even if the stay were applicable to the property in question at the time the state court ruled on the debtors' motion, it did not preclude that court from acting. The automatic stay of § 362 precludes actions directed against the debtor. By its language, § 362(a) does not preclude actions brought by the debtor. Accord, see In re Ruble, 34 B.R. 33 (Bkrtcy.N.D.Ohio 1983); In Re Petersen, supra.
In either case, the state court was free to consider the debtors' motion and act upon it. Further, the debtors are free to renew this motion in state court.
This Memorandum Opinion shall be considered to contain the court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 9014 and 7052.
An order consistent herewith shall be entered.