**In re CONVENTION MASTERS, INC., Debtor.**

**Bankruptcy No. 84–A–0705.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Feb. 8, 1985.

Emil Hirsch, Washington, D.C., for debtor in possession.

Ronald Kane, Kinsington, Md., Harvey Levin, Washington, D.C., for Universal Relocation Ins. Services Corp.

## MEMORANDUM OF DECISION

(Motion to Hold Debtor in Contempt)

PAUL MANNES, Bankruptcy Judge.

This case presents the question of whether a debtor may be held in contempt for filing a motion for voluntary dismissal of a pending action brought by it in the Superior Court for the District of Columbia. A copy of the offending motion is placed at the foot of this opinion as an appendix.[1]

The court will borrow heavily from the statement of facts prepared by Universal Relocation Insurance Services Corporation ("UNIRISC"), the movant. In February, 1984, the debtor, Convention Masters, Inc. (sometimes "CMI"), filed suit in the Superior Court for the District of Columbia against UNIRISC seeking money allegedly due on a computer lease. UNIRISC filed an answer and counterclaim on March 14, 1984, and served a request for production of documents. Debtor filed a reply to the counterclaim and served its own document request. While UNIRISC responded to debtor's request, debtor did not respond on its side to UNIRISC'S discovery. On May 4, 1984, debtor filed its Chapter 11 petition in this court but did not bother to give any

notice to UNIRISC; nor did it give the Superior Court the courtesy of filing a notice of bankruptcy. On May 9, 1984, UNIRISC served debtor with interrogatories, its second document production request, and a response to debtor's document production request. UNIRISC thereafter filed a motion to compel production of documents on May 11, 1984. The Superior Court ordered debtor on May 30, 1984, to produce the documents and pay the costs. Debtor did not bother to comply with this order.

UNIRISC complains about a filing by debtor of an action in the Superior Court where debtor was plaintiff. Relying entirely upon the case of *In re Critical Fork Coal Corp.*, 18 B.R. 422, 424 (BC W.D.Va. 1982), UNIRISC argues that debtor may not continue, pursue, or proceed in any outside litigation without approval of the bankruptcy court. The true concern of UNIRISC is that it sees that it has debtor in a chokehold by virtue of the debtor's failure to comply with Superior Court discovery requirements and does not want to be done out of such an advantageous position.

■ UNIRISC misses the point. Its complaint about the dismissal of its counterclaim is between it and the Superior Court. Its motion will be denied because, with the exception of the case of *In re Critical Fork Coal Corp. supra*, this court's research has not disclosed any decision under the Bankruptcy Code holding that the stay of § 362(a) bars the debtor from prosecuting a pending action in a court other than the bankruptcy court. The grant of jurisdiction in bankruptcy cases at the time of *Critical Fork Coal Corp.* was governed by 28 U.S.C. § 1471, which provided:

§ *1471. Jurisdiction*

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the dis-

---

1. The court wishes to note that present trial counsel did not represent CMI in the action pending in the Superior Court.

trict courts, the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(Emphasis added.) While some of the cases cited below are asbestos related cases, the principles are the same. The language of the automatic stay provisions of 11 U.S.C. § 362 extend only to actions "against the debtor."

In the case of *Williford v. Armstrong World Industries*, 715 F.2d 124 (4th Cir. 1983), District Judge Knapp, writing for the court, said in terms that have been repeated in numerous other cases:

> The legislative history of the Act further supports the premise that the wording of the statute is clear and unambiguous and is not subject to judicial interference for any purpose. The notes of the Committee of the Judiciary recognize the debtor only as the beneficiary of the stay.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

See: S.Rep. No. 95–989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5840–5841.

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who first acted would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

See: H.R.Rep. No. 95–595, 95th Cong. 2d Sess. 349 (1978), reprinted in U.S.Code Cong. & Admin.News, 1978, p. 6297. *See also, Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir.1983); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60 (6th Cir.1983); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983); *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324 (10th Cir.1984) (architect's bankruptcy did not stay litigation against codefendants).

Other non-asbestos related cases have reached the same conclusion. *See, e.g., In re Hill*, 39 B.R. 894, 897 (BC Ore.1984) ("By its language, § 362(a) does not preclude actions brought *by the debtor*."). This court was faced with a similar problem in the matter of *In re Regal Construction Co., Inc.*, 28 B.R. 413 (BC Md.1983). In that case, Regal and its surety were involved in the litigation of a claim against Meade Concrete Pipe Co. in the Superior Court for the District of Columbia. Regal filed a Chapter 11 petition in this court, staying any action against itself. When the Superior Court ruled against Regal's surety, Regal pursued the claim in the context of its Chapter 11 case in this court. Because Regal's interests were so closely aligned with those of its surety and it was fairly represented, this court held that it was bound by the judgment. Regal claimed that the judgment was barred as to itself by the stay of § 362(a). That claim was dismissed for the reason that, borrowing from *St. Croix, infra,* "Section 362 by its terms stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." *Regal, supra* at 416.

The Third Circuit addressed a situation involving an appeal between the Association of St. Croix Condominium Owners and an operating company, the St. Croix Hotel Corp. When the parties concluded their trial in Territorial Court, the Association was awarded past due rent and water charges as well as the eviction of the Hotel, plus attorney's fees and costs. The Hotel

received $1,800 on a counterclaim. On appeal, the District Court of the Virgin Islands vacated the order of eviction and remanded the question of the Hotel's continued possession, as well as the question whether the Hotel should have received attorney's fees on account of its prevailing on the counterclaim, to the Territorial Court. The matter was then appealed to the Third Circuit. Only after the briefs were filed with that court was it revealed that the Hotel had filed a petition under Chapter 11 of the Bankruptcy Code. After reviewing the Code, the Third Circuit determined that while the stay operated as to the Association, the Hotel was free to proceed. Then, in the exercise of its discretion, the court stayed both hearings. In concluding, the court noted:

> In our view, section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.

*Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 449 (3 Cir.1982). The court concluded by entering an order remanding the case with a direction to the district court, all without prejudice to the parties to apply to the bankruptcy court for relief from the provisions of the stay.

■ Debtor here also seeks a finding that UNIRISC's motion lacks substantial justification and was filed in bad faith to burden and oppress CMI. The court finds debtor's contention to be wholly without merit. If CMI had acted promptly, it could have given the Superior Court notice of this bankruptcy proceeding, which would have resulted in the desired prosecution of its claim against UNIRISC with UNIRISC proceeding in the classic form of having one hand tied behind its back. UNIRISC would have been forced to remain in that condition until the matter was removed to this court for a fair determination.

On the other hand, UNIRISC is not covered with glory in this proceeding. It knew of the bankruptcy filing and had the power of removal under Bankruptcy Rule 9027. It did not act under that provision. The parties have wasted a good bit of time in this exercise. The court has no idea what the source of the acrimony is. This appears to be only Act I of this tragicomedy.

The court will enter an order denying both the motion to hold the debtor in contempt and the application for costs filed by debtor.

## APPENDIX

### IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

#### CIVIL DIVISION

CONVENTION MASTERS,
INC., Plaintiff

v.

UNIVERSAL RELOCATION INSURANCE SERVICES CORPORATION,
Defendant

Civil Action No. 1504–84.

MOTION FOR VOLUNTARY
DISMISSAL

The Plaintiff, Convention Masters, Inc., by Roger Frankel, Emil Hirsch and Lerch, Early, Roseman & Frankel, Chartered, its attorneys, moves pursuant to Rule 41(a) Super.Ct.Civ.Rules for a voluntary dismissal of this action. For reasons, plaintiff states as follows:

1. This action was commenced by the filing of a single counter claim for breach of contract.

2. Subsequent to the filing of this action the plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code. The plaintiff's Chapter 11 case is pending in the United States Bankruptcy Court for the District of Maryland (at Rockville) Case No. 84–A–0705.

3. As a consequence of said bankruptcy proceeding, defendant's counterclaim in this action is stayed by 11 U.S.C. § 362.

4. Defendant has made its counterclaim in this action the subject of a claim against the plaintiff in the pending Chapter 11 bankruptcy case. Accordingly, all claims made in this action can be adjudicated by the Bankruptcy Court, either directly or by way of defense, set-off or recoupment.

WHEREFORE, the plaintiff moves this court for an Order dismissing this action, without prejudice.

> LERCH, EARLY, ROSEMAN & FRANKEL, CHARTERED
>
> BY: /s/ Emil Hirsch
> EMIL HIRSCH