<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

## No. 11-1259

_____

DENNIS MCLEOD; BETTY MCLEOD; ANDY S. NEWMAN, on behalf of themselves and others similarly situated,

            Plaintiffs - Appellants,

      v.

PB INVESTMENT CORPORATION, a Delaware Corporation; M&T BANK CORPORATION, a New York corporation and successor, by merger to PB Investment Corporation,

            Defendants - Appellees.

_____

## No. 11-1266

_____

DAVID HUTCHISON; KATHERINE HUTCHISON,

            Plaintiffs - Appellants,

      v.

SOVEREIGN BANK,

            Defendant - Appellee.

_____

## No. 11-1270

_____

CHARLES HEBB; CHARLENE HEBB,

            Plaintiffs - Appellants,

      v.

HOMEQ SERVICING CORPORATION, f/k/a TMS Mortgage,

Defendant – Appellee,

and

FIRSTPLUS HOME LOAN TRUST 1996-2; FIRSTPLUS HOME LOAN OWNER TRUST 1996-3; FIRSTPLUS HOME LOAN OWNER LOAN TRUST 1996-4; FIRSTPLUS HOME LOAN OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN OWNER TRUST 1998-1; FIRSTPLUS HOME LOAN OWNER TRUST 1998-2; FIRSTPLUS HOME LOAN OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN OWNER TRUST 1998-4; FIRSTPLUS HOME LOAN OWNER TRUST 1998-5; GERMAN AMERICAN CAPITAL CORPORATION; UBS WARBURG REAL ESTATE SECURITIES, INCORPORATED; ACE SECURITIES CORPORATE HOME LOAN TRUST 1999 A; SOVEREIGN BANK, a United States Savings Bank; REAL TIME RESOLUTIONS, INCORPORATED; U. S. BANK NATIONAL ASSOCIATION, ND, a National Bank; GRMT MORTGAGE LOAN TRUST 2001-1, a Trust organized under the laws of New York; THE CORNERSTONE FINANCIAL GROUP, INCORPORATED, a Colorado corporation; EMPIRE FUNDING HOME LOAN OWNER TRUST 1997-1, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1997-2, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1997-3, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1997-4, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1998-1, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1998-2, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1998-3, a Delaware business trust; EMPIRE FUNDING HOME LOAN OWNER TRUST 1999-1, a Delaware business trust; PB INVESTMENT CORPORATION, a Delaware Corporation; PB REIT INCORPORATED, a Delaware Corporation; CITYSCAPE CORPORATION, a New York Corporation; MASTER FINANCIAL, INCORPORATED; GMAC RESIDENTIAL FUNDING CORPORATION; IMC MORTGAGE COMPANY, a Florida Corporation; LIFE SAVINGS BANK, a California Corporation; PREMIER FINANCIAL CORPORATION, n/k/a Maximus Financial Corporation,

Defendants.

**No. 11-1276**

EMANUEL PHILLIPS; GERALDINE PHILLIPS,

        Plaintiffs - Appellants,

     v.

RESIDENTIAL FUNDING COMPANY, LLC, f/k/a Residential Funding Corporation; THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York Trust Company; JP MORGAN CHASE BANK, N.A., f/k/a JP Morgan Chase Bank, f/k/a The Chase Manhattan Bank, successor by merger to The Chase Manhattan Bank, N.A.,

        Defendants - Appellees.

**No. 11-1277**

WILLIAM F. RODWELL; SHARON L. RODWELL,

        Plaintiffs - Appellants,

     v.

PSB LENDING CORPORATION; WELLS FARGO BANK MINNESOTA, N.A., as Indenture Trustees for HOME LOAN TRUST 2001-HLV2, SERIES 2001 HLV2; UNITED STATES BANK NATIONAL ASSOCIATION, as trustee for the C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-SL1; LITTON LOAN SERVICING, LP; WELLS FARGO BANK, N.A.,

        Defendants - Appellees.

**No. 11-1281**

LYNN A. FULMORE,

        Plaintiff - Appellant,

3

v.

SOVEREIGN BANK, a U.S. Savings Bank,

        Defendant - Appellee.

―――――――――――

**No. 11-1284**

―――――――――――

EDWIN RUBLE,

        Plaintiff - Appellant,

    v.

BANC ONE FINANCIAL SERVICES, INCORPORATED,

        Defendant – Appellee,

    and

THE MORTGAGE CONSULTANTS INCORPORATED,

        Defendant.

―――――――――――

**No. 11-1289**

―――――――――――

JUDITH J. MOFFITT,

        Plaintiff - Appellant,

    v.

JP MORGAN CHASE BANK, N.A.; RESIDENTIAL FUNDING COMPANY, LLC,

        Defendants – Appellees,

    and

MASTER FINANCIAL, INCORPORATED; GMAC RESIDENTIAL FUNDING CORPORATION; BALTIMORE AMERICAN MORTGAGE CORPORATION,

Defendants.

---

**No. 11-1291**

---

In re: DONNA RENEE TIPTON,

Debtor.

--------------------

JP MORGAN CHASE BANK, N.A.; RESIDENTIAL FUNDING COMPANY, LLC, f/k/a Residential Funding Corporation,

Plaintiffs - Appellees,

BALTIMORE AMERICAN MORTGAGE CORPORATION,

Defendant,

v.

DONNA RENEE TIPTON,

Defendant – Appellant,

ROGER SCHLOSSBERG,

Trustee.

---

**No. 11-1292**

---

In re: MCLAREN BREWSTER; VANTA OTHELLA BREWSTER,

Debtors.

--------------------

MCLAREN BREWSTER; VANTA OTHELLA BREWSTER,

5

                    Plaintiffs - Appellants,

GEORGE W. LIEBMANN,

                Trustee - Appellant,

        v.

FAIRBANKS CAPITAL CORPORATION; PB INVESTMENT CORPORATION,

                Defendants – Appellees,

        and

SELECT PORTFOLIO SERVICING, INCORPORATED, f/k/a Fairbanks
Capital Corporation,

                Defendant.

                    _____

                    **No. 11-1295**
                    _____

THOMAS A. GEPHARDT; MICHELLE L. GEPHARDT,

                Plaintiffs - Appellants,

        v.

SOVEREIGN BANK,

                Defendant – Appellee,

        and

THE MORTGAGE CONSULTANTS INCORPORATED,

                Defendant.

                        6

---

**No. 11-1297**

---

LINDA OREM,

        Plaintiff - Appellant,

    v.

BANK OF AMERICA CORPORATION, as successor in interest to MBNA America Bank (Delaware), N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INCORPORATED; HOUSEHOLD FINANCE CORPORATION,

        Defendants – Appellees,

    and

PACIFIC SHORE FUNDING INCORPORATED,

        Defendant.

---

**No. 11-1299**

---

JAMES E. MITCHELL, SR.; BRENDA L. MITCHELL; KATHY T. CARY,

        Plaintiffs - Appellants,

MARIE O. FELDER, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

PSB LENDING CORPORATION; PSB LENDING HOME LOAN OWNER TRUST 1997-4,

        Defendants – Appellees,

    and

CALIFORNIA LENDING GROUP, INCORPORATED, d/b/a United Lending Group; WACHOVIA BANK NATIONAL ASSOCIATION, as successor by merger to FIRST UNION NATIONAL BANK; BAYVIEW LOAN SERVICING, LLC,

Defendants.

───────────────

**No. 11-1304**

───────────────

DEREK MOHRE; CHRISTINE MOHRE; LINDA FLOYD; SHERI C. PARKER, individually and on behalf of others similarly situated,

Plaintiffs - Appellants,

v.

HOUSEHOLD FINANCE CORPORATION; BANK OF AMERICA CORPORATION, as successor in interest to MBNA AMERICA BANK (DELAWARE), N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INCORPORATED,

Defendants – Appellees,

and

HOMEQ SERVICING CORPORATION; BANC ONE FINANCIAL SERVICES, INCORPORATED; AMAXIMIS LENDING, LP; PACIFIC SHORE FUNDING; BALTIMORE AMERICAN MORTGAGE CORPORATION,

Defendants.

───────────────

**No. 11-1308**

───────────────

In re: SHELDON JOHNSON,

Debtor.

--------------------

8

RESIDENTIAL FUNDING COMPANY, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS,

        Plaintiffs - Appellees,

    v.

SHELDON JOHNSON,

        Defendant – Appellant,

    and

BALTIMORE AMERICAN MORTGAGE CORPORATION,

        Defendant.

---

## No. 11-1316

---

DENNIS C. TROJANOWSKI; PEGGY L. TROJANOWSKI,

        Plaintiffs - Appellants,

    v.

FIFTH THIRD BANK, INCORPORATED,

        Defendant – Appellee,

    and

SOVEREIGN BANK; UNITED MORTGAGEE, INCORPORATED; FIRSTPLUS HOME LOAN TRUST 1996-2; FIRSTPLUS HOME LOAN OWNER TRUST 1996-3; FIRSTPLUS HOME LOAN OWNER LOAN TRUST 1996-4; FIRSTPLUS HOME LOAN OWNER TRUST 1997-1; FIRSTPLUS HOME LOAN OWNER TRUST 1997-2; FIRSTPLUS HOME LOAN OWNER TRUST 1997-3; FIRSTPLUS HOME LOAN OWNER TRUST 1997-4; FIRSTPLUS HOME LOAN OWNER TRUST 1998-1; FIRSTPLUS HOME LOAN OWNER TRUST 1998-2; FIRSTPLUS HOME LOAN OWNER TRUST 1998-3; FIRSTPLUS HOME LOAN OWNER TRUST 1998-4; FIRSTPLUS HOME LOAN OWNER TRUST 1998-5; UBS WARBURG REAL ESTATE SECURITIES, INCORPORATED; ACE SECURITIES CORPORATE HOME LOAN TRUST; REAL TIME RESOLUTIONS, INCORPORATED; U. S. BANK NATIONAL ASSOCIATION, ND, a National Bank; AMAXIMIS LENDING, LP, a Texas Limited

Partnership; GRMT MORTGAGE LOAN TRUST 2001-1, a Trust organized under the laws of New York; GERMAN AMERICAN CAPITAL CORPORATION,

Defendants.

———————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:09-cv-03218-JFM; 1:10-cv-00082-JFM; 1:09-cv-02334-JFM; 1:10-cv-00252-JFM; 1:09-cv-02202-JFM; 1:09-cv-02028-JFM; 1:09-cv-02056-JFM; 1:09-cv-02029-JFM; 8:11-cv-00055-JFM; 1:10-cv-01434-JFM; 1:10-cv-01537-JFM; 1:10-cv-01177-JFM; 1:09-cv-02287-JFM; 1:09-cv-02246-JFM; 1:10-cv-02769-JFM; 1:09-cv-02588-JFM)

———————————

Argued: January 25, 2012          Decided: August 1, 2012

———————————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in which Judge Wilkinson and Judge Niemeyer joined.

———————————

**ARGUED:** Edwin David Hoskins, LAW OFFICE OF E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appellants. Gerard J. Gaeng, ROSENBERG, MARTIN & GREENBERG, LLP, Baltimore, Maryland; James Christopher Martin, REED SMITH, LLP, Pittsburgh, Pennsylvania, for Appellees. **ON BRIEF:** Daniel O. Myers, THE LAW OFFICES OF DANIEL O. MYERS, LLC, Mt. Pleasant, South Carolina, for Appellants. John M. McIntyre, Colin E. Wrabley, David J. Bird, REED SMITH, LLP, Pittsburgh, Pennsylvania, for Appellees Sovereign Bank, Residential Funding Company, LLC, Deutsche Bank Trust Co. Americas, Bank of New York Mellon, and JP Morgan Chase Bank, N.A.; James D. Mathias, Anthony P. Ashton, DLA PIPER LLP (US), Baltimore, Maryland, for Appellees PB Investment Corporation and M&T Bank Corporation; Gregory L. Lockwood, TREANOR, POPE & HUGHES, Towson, Maryland, for Appellee Homeq Servicing Corporation; Daniel J. Tobin, BALLARD SPAHR, LLP, Bethesda, Maryland, for Appellees Wells Fargo Bank Minnesota, N.A., United States Bank National Association, Litton Loan Servicing, LP, and Wells Fargo Bank, N.A.; Brian L. Moffet, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, LLC,

Baltimore, Maryland, for Appellees PSB Lending Corporation and PSB Lending Home Loan Owner Trust 1997-4; Daniel H. Squire, Reginald B. McKnight, WILMER CUTLER PICKERING HALE AND DORR, LLP, Washington, D.C., for Appellees Mortgage Electronic Registration System, Incorporated, and Household Finance Corporation; Jefferson V. Wright, E. Hutchinson Robbins, Jr., Scott R. Wilson, MILES & STOCKBRIDGE, PC, Baltimore, Maryland, for Appellee Bank of America Corporation; LeAnn Pedersen Pope, Victoria R. Collado, Andrew LeMar, BURKE, WARREN, MACKAY & SERRITELLA, PC, Chicago, Illinois, for JP Morgan Chase Bank, N.A. and Banc One Financial Services, Incorporated; Edward J. Longosz, II, Daniel A. Glass, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Washington, D.C., Dorothy A. Davis, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Pittsburgh, Pennsylvania, for Appellee Fairbanks Capital Corporation.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

In these consolidated appeals,[1] a group of homeowners who obtained second mortgages on their homes challenge the district court's dismissal of their claims seeking damages from various financial institutions for alleged violations of Maryland law in connection with those loans. For the following reasons, we affirm.

I

A

The cases that form these consolidated appeals arise from a host of complaints filed against several different defendants, but the underlying facts and allegations are relatively straightforward and nearly identical. Between September 1996 and August 2000, the individual plaintiffs and class representatives

---

[1] During the pendency of these appeals, defendant Residential Funding Company, LLC, f/k/a Residential Funding Corporation filed a voluntary petition for bankruptcy under 11 U.S.C. § 101, et seq., in the United States Bankruptcy Court for the Southern District of New York. Pursuant to 11 U.S.C. § 362(a)(1), the filing of such a petition operates as an automatic stay of any judicial proceeding against Residential Funding Company, LLC, including appellate proceedings. See In re Convention Masters, Inc., 46 B.R. 339, 342 (Bankr. D. Md. 1985). Accordingly, the following appeals are automatically stayed as to defendant Residential Funding Company, LLC: Emanuel Phillips v. Residential Funding Co. (No. 11-1276); Judith Moffitt v. JP Morgan Chase Bank, N.A. (No. 11-1289); Donna Tipton v. JP Morgan Chase Bank, N.A. (No. 11-1291); and Residential Funding Co. v. Sheldon Johnson (No. 11-1308). However, these appeals are not stayed as to the non-bankrupt co-defendants. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

(collectively, the "plaintiffs") all obtained second mortgages secured by real property in Maryland. In connection with each of these mortgages, the lenders that originated the loans (collectively, the "originating lenders") received a promissory note and were named the beneficiary of a secondary mortgage deed of trust to secure the loan. The originating lenders charged closing costs and fees in connection with each plaintiff's loan. Subsequently, each originating lender assigned each plaintiff's loan to another financial institution (collectively, the "assignees"), often immediately after the loan was closed. After obtaining ownership of the loan, each assignee serviced the loan by continuing to collect interest and other charges in connection with the loan until it was assigned again or repaid by each plaintiff. Because the originating lenders held the loans for only a short time before assigning them, they rarely collected any interest on the loans.

B

Although the facts are straightforward, the procedural history of these appeals is more complicated. Between 2001 and 2003, more than forty individual and class action lawsuits were filed in the Circuit Court for Baltimore City, Maryland, asserting claims in connection with these secondary mortgage loans. In particular, the plaintiffs in these actions alleged that each originating lender violated Maryland's Secondary

13

Mortgage Loan Law ("SMLL") at the time the loans were made by charging fees and closing costs in excess of the maximum amounts permitted by the SMLL. In addition, the lawsuits alleged that the originating lenders had failed to provide the plaintiffs with the mandatory disclosure forms required by the SMLL. In these lawsuits, the plaintiffs sought damages from the originating lenders, the assignees, and certain third-party servicers of the loans (collectively, the "defendants").

Eventually, a number of these cases were voluntarily dismissed as part of four class action settlements, and the Maryland Circuit Court then dismissed the remaining complaints, finding that the claims for violation of the SMLL were barred by a three-year statute of limitations. The Court of Appeals of Maryland subsequently reversed the Maryland Circuit Court, holding that claims brought under the SMLL are an "other specialty" subject to a twelve-year statute of limitations. See Master Fin., Inc. v. Crowder, 972 A.2d 864 (Md. 2009).

After the Crowder decision, the plaintiffs amended their complaints in several of the cases and also filed additional new state court actions against the defendants. On remand to the Maryland Circuit Court, the defendants removed all of the cases to the federal district court, where they were consolidated. The defendants then moved to dismiss the complaints under Rule 12(b)(6), arguing that there was no legal basis to assert

14

derivative liability against the assignees and loan servicers for the originating lenders' alleged SMLL violations. After an initial hearing, the district court granted the plaintiffs leave to amend their complaints to further specify the grounds for assignee liability. The defendants again moved to dismiss and, after a second hearing, the district court granted the defendants' motions and entered judgment in their favor.

The plaintiffs timely appealed the dismissal of their complaints, the denial of their motions for leave to amend, and the denial of their motions to remand. We address each issue in turn.

II

In each of the cases forming these consolidated appeals, the plaintiffs' principal complaint has been that the originating lenders violated the SMLL by failing to provide required disclosure forms and charging excessive fees for the secondary mortgages obtained by the plaintiffs. However, many of the originating lenders have dissolved and are now judgment proof, and with one exception all of the loans that are the subject of this appeal have been paid in full.[2] Thus, even though the plaintiffs do not allege that the assignees were involved in

---

[2] The only appeal involving a loan that has not been paid off is Rodwell v. PSB Lending Corp., et al. (No. 11-1277). The last scheduled payment under this loan is December 19, 2012.

15

the origination of their loans or committed any of the complained-of SMLL violations, they contend the assignees are derivatively liable for statutory penalties and treble damages based solely on the originating lenders' alleged violations.[3]

To this end, the plaintiffs have alleged a variety of evolving legal theories throughout the underlying litigation to support their claims against the assignees. Our review is limited to only two of those theories:[4] whether the assignees are liable for the originating lenders' alleged SMLL violations either (1) by operation of Section 3-306 of the Maryland Uniform Commercial Code ("UCC"), or (2) by operation of 15 U.S.C.

---

[3] The claims in this appeal are primarily against the assignees; none of the claims is against any originating lender, and only one appealed issue relates to defendants that merely serviced a loan.

[4] As the district court noted, "[a]t an earlier stage of this litigation it appeared that plaintiffs were arguing that the SMLL creates assignee liability. They no longer do so." Fulmore v. Premier Financial Corp., No. 09-2028, 2010 WL 4286362, at *2 (D. Md. Oct. 29, 2010). The plaintiffs acknowledge as much in their briefs, see Opening Br. of Appellants, at 25 ("[T]he SMLL, by itself, does not provide for such derivative liability."), and counsel acknowledged the same during oral argument. In addition, the plaintiffs have abandoned their claims that Maryland common law or Section 3-305 of the Maryland UCC provide a basis for any derivative liability claims against the assignees. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (claims not raised in appellant's opening brief are deemed abandoned).

§ 1641(d)(1), a provision of the federal Home Ownership and Equity Protection Act of 1994 ("HOEPA").[5]

The district court dismissed both of these theories for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court found that Section 3-306[6] of the Maryland UCC applies to controversies between persons who have competing claims to an instrument or its proceeds, not to claims asserted by a borrower against an assignee. Therefore, the district court concluded that Section 3-306 does not authorize the plaintiffs to assert a claim for affirmative relief against the assignees,

---

[5] The Home Ownership and Equity Protection Act of 1994, Pub. L. No. 103-325, §§ 151-58, 108 Stat. 2160, 2190-98 (codified as amended in scattered sections of 15 U.S.C.), amended portions of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). By its terms, HOEPA seeks only to regulate a special class of loans known as "high-cost mortgages." 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.32(a)(1)(i)-(ii). If a loan qualifies as a high-cost mortgage, HOEPA requires the lender to comply with special disclosure requirements and prohibits the mortgages from containing certain potentially abusive terms. 15 U.S.C. § 1639. Lenders who fail to comply with these HOEPA requirements may be liable for penalties or damages, and the borrower has the right to rescind the loan within a specified time period. Id. §§ 1635, 1640.

[6] Section 3-306 provides:

> A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument.

Md. Code Ann., Com. Law, § 3-306.

17

including a claim based on the originating lenders' alleged violations of the SMLL. In addition, the district court concluded that § 1641(d)(1), which renders the assignees of certain mortgages "subject to all claims and defenses . . . that the consumer could assert against the creditor of the mortgage,"[7] does not create an affirmative right of action against an assignee for SMLL claims the plaintiffs could have asserted against the originating lenders. Rather, the district court concluded that § 1641(d)(1) merely eliminates the holder in due course defense for an assignee that is seeking to collect on a high-cost mortgage.

### III

We review a district court's order granting a motion to dismiss de novo, focusing only on the legal sufficiency of the complaint, Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.

---

[7] HOEPA's assignee liability provision provides in relevant part:

> Any person who purchases or is otherwise assigned a [HOEPA] mortgage . . . shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage, unless the purchaser or assignee demonstrates, by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence, could not determine, based on the documentation required by [HOEPA], the itemization of the amount financed, and other disclosure of disbursements that the mortgage was a [high-cost mortgage].

15 U.S.C. § 1641(d)(1).

18

2008), and we will dismiss a complaint "if it does not allege 'enough facts to state a claim to relief that is plausible on its face,'" id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. We may affirm the district court's dismissal of the complaint on any basis fairly supported by the record, Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002), including "on different grounds than those employed by the district court," Shafer v. Preston Memorial Hosp. Corp., 107 F.3d 274, 275 n.1 (4th Cir. 1997).

Applying this familiar standard, we affirm the district court's decision to dismiss the plaintiffs' complaints under Rule 12(b)(6), albeit on different grounds. On appeal, the plaintiffs argue that the district court erred in concluding that they failed to state a claim under Section 3-306 or 15 U.S.C. § 1641(d)(1). We need not reach this issue, however, because assuming arguendo that Section 3-306 or § 1641(d)(1) does provide the plaintiffs with a cause of action in these cases, the plaintiffs' claims here are time-barred by the applicable statute of limitations.[8] See King v. Otasco, Inc., 861

---

[8] Although the district court did not dismiss the plaintiffs' complaints on statue of limitations grounds, it did indicate in a footnote that a "substantial limitations question" (Continued)

19

F.2d 438, 441 (5th Cir. 1988) ("When a suit alleges several distinct causes of action, even if they arise from a single event, the applicable limitations period must be determined by analyzing each cause of action separately.").

The Maryland UCC provides that an action "to enforce an obligation, duty, or right arising under [Article 3] . . . must be commenced within 3 years after the cause of action accrues." Md. Code Ann., Com. Law § 3-118(g)(iii). TILA and HOEPA provide a one-year statute of limitations for affirmative actions for damages. 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."); Gilbert v. Residential Funding LLC, 678 F.3d 271, 278 (4th Cir. 2012) (noting same).

According to the complaints in these cases, the alleged violations - failure to provide mandatory loan disclosures and charging excessive fees – occurred at the latest at the time of the loan closing. However, it is undisputed that in all of these consolidated appeals the plaintiffs brought suit against the defendants more than three years after the closing of the loans.

would be presented if HOEPA did authorize the affirmative right of action sought by the plaintiffs. J.A. 853 n.5.

See In re Community Bank of Northern Virginia, 622 F.3d 275, 303 (3d Cir. 2010) ("[A] claim for damages under TILA and HOEPA . . . is subject to a one-year limitations period that begins to run from the date the loan closed."). Thus, regardless of whether the plaintiffs have a cause of action by operation of Section 3-306 or § 1641(d)(1), their claims are untimely under either express statute of limitations.

Nevertheless, the plaintiffs contend that because their claims against the assignees are ultimately for violations of the SMLL, their claims should be governed by the twelve-year statute of limitations applicable to SMLL claims. See Master Financial v. Crowder, 972 A.2d 864 (Md. 2009). We disagree. The plaintiffs acknowledge that the SMLL, by itself, does not create derivative liability on the part of the assignees for the alleged misconduct of the originating lenders. See supra, at n.4. Thus, under the plaintiffs' own theories, the assignees are derivatively liable – if at all – for the originating lenders' violations of the SMLL only by operation of Section 3-306 or § 1641(d)(1). Therefore, to the extent the plaintiffs can maintain a cause of action against the assignees, that cause of action has its source in Article 3 of the Maryland UCC or HOEPA, and the controlling limitations period is governed by those respective statutory schemes. See Crowder, 972 A.2d at 873 ("Because we are dealing with statutes, one preliminary and

21

possibly decisive factor is whether the Legislature has provided a specific period of limitations for enforcement of the statute. Some statutes that prohibit or require conduct and provide remedies for violations contain such provisions, and if they do, those provisions ordinarily will govern."); Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 798 (4th Cir. 2001) ("[W]hen Congress creates a cause of action and provides both legal and equitable remedies, its statute of limitations for that cause of action should govern, regardless of the remedy sought."). It would be extraordinary for us to find an implied derivative right of action under Section 3-306 or § 1641(d)(1) and then to permit that right of action to proceed under a statute of limitations that is longer than the limitations period Congress or the Maryland legislature has clearly provided for express rights of action under these statutes, and we will not do so.

Accordingly, we affirm the district court's dismissal of the plaintiffs' claims under Section 3-306 and 15 U.S.C. § 1641(d)(1).

IV

In addition to their primary legal argument, the plaintiffs also raise several secondary issues with respect to the consolidated appeals, which we address briefly. First, the plaintiffs argue that the district court abused its discretion

22

by denying their motions to file amended complaints to assert additional claims against certain loan servicers.[9] The district court denied the plaintiffs' motion to amend as futile. We have reviewed the record and conclude that because this was an adequate basis for denying the motion to amend, the district court did not abuse its discretion. See Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 476 (4th Cir. 2006) (noting that a denial of a motion to amend is reviewed for abuse of discretion); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (noting district court may deny a motion to amend when the amendment would be futile). Accordingly, we affirm for the reasons stated by the district court. William Rodwell, et al. v. PSB Lending Corp., Inc. et al., No. 1:09-cv-02202-JFM (D.Md. Feb. 8, 2011); James E. Mitchell, Sr. et al. v. PSB Lending Corp. et al., No. 1:09-02287-JFM (D.Md. Feb. 8, 2011).

Second, the plaintiffs challenge the district court's dismissal of various state law claims regarding the assignees' alleged failure to provide to the plaintiffs copies of the loan documents relating to the secondary mortgage loans. However, after the parties submitted their initial briefing on this issue and on the day before oral argument was heard in this appeal,

---

[9] This issue pertains only to Rodwell v. PSB Lending, Corp. (No. 11-1277), and Mitchell v. PSB Lending (No. 11-1299).

the Maryland Court of Appeals held that once a mortgage loan is paid in full, the assignee is under no common law or statutory obligation to provide copies of the loan documents to the borrowers. Polek v. J.P. Morgan Chase Bank, N.A., 36 A.3d 399 (Md. 2012). In light of Polek, the parties now agree that the plaintiffs' state law claims in this appeal are foreclosed. Accordingly, we affirm the district court's dismissal of these claims.

Finally, the plaintiffs appeal the district court's denial of their motion to remand several of the consolidated appeals. However, the plaintiffs have since voluntarily dismissed those appeals; therefore, we need not address the district court's remand rulings.[10]

V

For the reasons stated above, we affirm the judgment of the district court.

AFFIRMED

---

[10] Appellant Donna Renee Tipton, along with appellees JP Morgan Chase Bank, N.A. and Residential Funding Company, LLC f/k/a Residential Funding Corp. (the only parties to appeal No. 11-1291), have filed a joint motion to sever and dismiss with prejudice appeal No. 11-1291, with each side to bear its own costs. Similarly, Appellants Thomas A. Gephardt and Michelle L. Gephardt, along with appellee Sovereign Bank (the only parties to appeal No. 11-1295), have filed a joint motion to sever and dismiss with prejudice appeal No. 11-1295, with each side to bear its own costs. We hereby grant these motions.

24